THE FIDELITY AND CASUALTY COMPANY OF NEW YORK *vs.* HUSE & CARLETON, INC.

Suffolk. November 13, 14, 1929. — September 11, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Workmen's Compensation Act*, Insurer's right of action against third person. *Law of the Case. Negligence*, Invited person, Causing death, Elevator. *Practice, Civil*, Verdict. *Interest. Statute.*

An insurer under the workmen's compensation act, who, under St. 1911, c. 751, Part III, § 15, as amended by St. 1913, c. 448, § 1, in 1916 began an action against a third person to enforce liability under R. L. c. 171, § 2, as amended by St. 1907, c. 375, for causing the death of an employee of the insured, stands at the trial of such action in no more favorable a position than would the personal representative of the decedent had he prosecuted the action in his own name for the benefit of those designated as beneficiaries under that statute.

At the trial of such an action, the burden is upon the plaintiff to allege and to prove that the decedent left a widow or next of kin.

The action brought by the insurer in the circumstances above described was begun after it had paid compensation under the act to one who had alleged that she was the widow of the employee and had been

appointed the administratrix of his estate. After the action was begun, the Probate Court, upon petition by the defendant, found that the administratrix was not the employee's widow and revoked her appointment as administratrix. Orders of the Superior Court, denying a motion by the defendant to dismiss the action at law and allowing a motion to amend the writ and declaration by substituting the insurer as plaintiff, were affirmed by this court. At the trial of the action the above facts were in evidence, but there was no evidence that the employee had left a widow or next of kin. On exceptions, after a verdict for the plaintiff, it was *held*, that

(1) On the evidence in the record there was no basis for recovery in the action;

(2) The exceptions were sustained.

In the circumstances above set out, it *was stated* that, at a new trial it would be open to the plaintiff to prove that the decedent left some other person as beneficiary under the statute, in whose interests the action might be prosecuted.

Evidence at the trial of an action to recover for causing the death of one who was injured while using an elevator in a building of the defendant, that the decedent was working in the building as an employee of one making repairs therein for the defendant and was using the elevator in the performance of his work, and that the elevator was designed to be operated by those who needed to use it, warranted a finding that the decedent was an invitee, and not a mere licensee of the defendant.

Further evidence at the trial of such action, that the elevator was and for a long time had been in disrepair in respects not obvious but requiring careful and expert inspection for discovery and repair, and that the death resulted from such disrepair, warranted a finding that the defendant had failed in the performance of a duty which it owed to a class of persons of which the deceased was one.

The revision of St. 1913, c. 290, § 1, appearing in G. L. c. 229, § 11, was not merely verbal without modification of meaning, but abolished the anomalies of a verdict returned by the jury but not expressing the entire damages and of the addition of interest to such verdict by some court officer, and placed upon the jury their true function to find the entire damages and to express them by their verdict.

The provision of G. L. c. 229, § 11, although not in force when such action was brought, relates to practice and procedure and governed the trial of the action which occurred after it became operative.

It was improper for a trial judge after the effective date of G. L. c. 229, § 11, following the return and recording of a verdict in an action begun under R. L. c. 171, § 2, as amended by St. 1907, c. 375, and the dispersal of the jury, to allow a motion by the plaintiff adding interest to the amount found by the jury.

TORT, originally brought by "Christina J. Anderson, as she is the administratrix of the estate of Carl Anderson, sometimes called Charles J. Anderson (deceased)" under Sts. 1911, c. 751, Part III, § 15; 1913, c. 448, § 1, to recover

from the defendant damages for the negligent causing of conscious suffering and the death of the intestate, who, on September 27, 1915, received injuries from which he died within a few hours while in the employ of one insured under the workmen's compensation act by The Fidelity and Casualty Company of New York, which, under the provisions of that act, was paying compensation to the plaintiff as dependent of the employee.  Writ dated July 5, 1916.

The action previously was before this court upon a report by *Morton, J.*, after a denial by him of a motion by the defendant that the action be dismissed because, after it was brought, the Probate Court for the county of Suffolk had found that Christina J. Anderson was not the widow of the decedent and had removed her as administratrix; and the allowance of a motion by the insurance company to amend the writ and declaration by substituting its name as plaintiff; and such orders were affirmed by a decision reported in 254 Mass. 359.

The action then was tried before *Brown, J.*  Material evidence is stated in the opinion.  The defendant at the close of the evidence moved that a verdict be ordered in its favor.  The motion was denied.  It then asked, among others, for the following rulings:

"2. The plaintiff insurance company can only enforce in this action for its own benefit the right against the defendant which would otherwise have been available to Anderson or his personal representatives.

"3. The law puts upon the plaintiff insurance company the burden of undertaking the burden of the litigation, but gives it all the advantage of the right of action which, in substance, is assigned to it.

"4. The remedy given by the statute to the insurance company being purely statutory, it is obligatory upon it to allege and prove that the said Anderson left either a widow or children or next of kin."

"9. The cause of action in the first count did not belong to the deceased, but sprang into existence by his death, and it was not for his benefit or for his estate, but for specified beneficiaries."

The rulings were refused. There was a verdict for the plaintiff in the sum of $4,000. The defendant alleged exceptions.

*E. A. Whitman,* for the defendant.

*Joseph Wentworth,* for the plaintiff.

RUGG, C.J. This action of tort was begun on July 5, 1916, by an insurer under the workmen's compensation act, who had paid under that act compensation for the death of an employee of a subscriber, to enforce liability for such death against the defendant, a person other than the subscribing employer. St. 1911, c. 751, Part III, § 15, as amended by St. 1913, c. 448, § 1. See now G. L. c. 152, § 15. The alleged liability of such third person thus sought to be enforced was that established by St. 1907, c. 375, whereby one, who, by his own negligence or by that of his servant or agent while engaged in his business caused the death of a person in the exercise of due care and not in his employment, was made liable to a penalty "to be recovered in an action of tort . . . by the executor or administrator of the deceased, one-half thereof to the use of the widow and one-half to the use of the children of the deceased; or, if there are no children, the whole to the use of the widow; or, if there is no widow, the whole to the use of the next of kin." See now G. L. c. 229, §§ 1, 5. *Brooks* v. *Fitchburg & Leominster Street Railway,* 200 Mass. 8. The first count of the amended declaration alleges that Christina J. Anderson, widow of the deceased employee and dependent upon him for support, was appointed administratrix of his estate on June 8, 1916, that the deceased while in the employ of a subscriber under the workmen's compensation act met his death by reason of the negligence of the defendant and that the plaintiff as insurer has paid to such administratrix the compensation due under the act. The answer among other matters denies that the administratrix was ever married to the decedent. The appointment of the administratrix as alleged appears to have been conceded. The plaintiff as insurer paid the full amount of $4,000, awarded as compensation under the workmen's compensation act, to the administratrix of the estate of the de-

ceased. The decision of the judge of probate made subsequent to such payment was in evidence to the effect that Christina J. Anderson was not legally married to the deceased and that a decree was to be entered revoking the decree of June 8, 1916, wherein she was found to be the widow of the deceased and under which letters of administration upon the estate of the deceased were issued to her. No evidence was introduced tending to show that the deceased left next of kin.

The liability sought to be enforced was described in said c. 448, § 1, in these words so far as here material: "Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages, or against the association for compensation under this act, but not against both, and if compensation be paid under this act, the association may enforce in the name of the employee, or in its own name and for its own benefit, the liability of such other person, and in case the association recovers a sum greater than that paid by the association to the employee four fifths of the excess shall be paid over to the employee."

The plaintiff's cause of action therefore is the "liability of such other person" for the death of the decedent. That cause of action is not at all the same as the original liability of the insurer. The amount recoverable bears no relation to the amount paid by the insurer or for which it may be liable. It is to be assessed upon a wholly different theory. Within specified limits the amount recoverable is to be assessed with reference to the degree of culpability of the defendant. The damages awarded may be greater or less than the amount paid by the insurer under the act. The right of the insurer under the statute does not rest on the principle of subrogation. It does not depend upon reimbursement. It is wholly the creature of the statute. The design of the statute is to enable the insurer, who has paid the compensation due under the act, to enforce for its own

benefit against third persons negligently causing the death of the employee the rights which would have been available to the representatives of the deceased employee if they had elected to enforce those rights. The statute confers upon the insurer no privileges or immunities in the prosecution of such action beyond those open to the representatives of the deceased employee. The insurer stands no better than such representatives would stand if prosecuting the action in their own names for the benefit of those designated as beneficiaries under the statute. If they could not recover the insurer cannot recover. *Turnquist* v. *Hannon,* 219 Mass. 560. *Bindbeutel* v. *L. D. Willcutt & Sons Co.* 244 Mass. 195.

Where action, under statutes similar to the one invoked by the plaintiff, has been brought by the personal representatives to recover damages for the death of a decedent caused by the negligence of another, it has been held to be a condition precedent to recovery to show that the deceased left a widow or next of kin to whom the penalty when recovered may be paid. *Daly* v. *New Jersey Steel & Iron Co.* 155 Mass. 1, 5. *Hodnett* v. *Boston & Albany Railroad,* 156 Mass. 86. *Tozier* v. *Haverhill & Amesbury Street Railway,* 187 Mass. 179, 181. *Oulighan* v. *Butler,* 189 Mass. 287, 289. *Bartley* v. *Boston & Northern Street Railway,* 198 Mass. 163, 171. *Osterlind* v. *Hill,* 263 Mass. 73, 75. Compare *McCarthy* v. *William H. Wood Lumber Co.* 219 Mass. 566, 568, 569; *Johnston* v. *Bay State Street Railway,* 222 Mass. 583; *Gorski's Case,* 227 Mass. 456, 460, 461; *Putnam* v. *Savage,* 244 Mass. 83, 87, 88; *DeMarco* v. *Pease,* 253 Mass. 499, 508.

It has oftentimes been pointed out that the recovery under the statute is a penalty. It is not compensation for injury done. There was no such right of action at common law. The penalty is for the benefit of named persons. It must be paid ultimately to those beneficiaries. It is not imposed and the defendant is under no liability if there are no beneficiaries. *Arruda* v. *Director General of Railroads,* 251 Mass. 255.

It was proved at the trial that the appointment of the administratrix of the deceased employee on the ground that

she was his widow had been revoked because of a finding by the court that she was not such widow. The earlier appointment if unrevoked would not have been open to contradiction and could not have been drawn in question in this action. *McCooey* v. *New York, New Haven & Hartford Railroad*, 182 Mass. 205. It was valid unless and until revoked. But that appointment had been revoked by the court having jurisdiction over that subject before the trial of the case at bar. It then stood as if never made so far as concerns its value as evidence of the existence of a widow of the deceased employee. It was no evidence of that fact. There is no evidence in the record that the deceased left a widow or next of kin. It follows that there was no basis for recovery under St. 1907, c. 375.

There is nothing contrary to this conclusion in the decision of this case when it was here as reported in 254 Mass. 359. Touching this aspect of the case, it there was held simply that the plaintiff might amend its declaration by substituting its own name for that of the widow as plaintiff and that a motion to dismiss because of the revocation of the appointment of the administratrix ought to be denied. That decision was sound and is so accepted. But it did not hold that the plaintiff was entitled to recover. The payments made by the insurer to the administratrix, before the revocation of her appointment, protected it, were justified and constituted so far as concerned that factor basis for action by it against the defendant under the relevant statutes. But such payments did not prove its entire case against the defendant. They merely proved one essential element of its case. It still must prove the other equally essential elements of its case. One of these was the existence of a widow or of next of kin surviving the decedent. It is assumed that the decision of the Probate Court having jurisdiction of the subject that the administratrix was not the widow of the decedent binds the parties hereto. 254 Mass. at 362. *Corkum* v. *Clark*, 263 Mass. 378, 389, 390. But it would be open to the plaintiff to prove that the decedent left some other person as beneficiary under the statute, in whose interests the action might have been

prosecuted. There was error in the denial of the defendant's requests numbered 2, 3, 4 and 9 directed to this point.

There was evidence which required the submission of the case to the jury on the other points. The deceased under the direction of his employer was making repairs on the building of the defendant. There was ample evidence that in the use of the elevator in the performance of his work the deceased was an invitee and not a mere licensee. There was no regular operator of the elevator furnished by the defendant. The elevator was operated by those who needed to use it. *Mikkanen* v. *Safety Fund National Bank*, 222 Mass. 150. *Blood* v. *Ansley*, 231 Mass. 438.

There was evidence of breach of duty by the defendant. Without narrating the evidence in detail, it is enough to say that there was evidence which, if believed, would support a finding that the elevator was and had been for a long time in disrepair in respects not obvious but requiring careful and expert inspection for discovery and repair, and that the death resulted from that. *Finnegan* v. *Winslow Skate Manuf. Co.* 189 Mass. 580. *Walsh* v. *Adams*, 245 Mass. 1.

It might have been found that the defendant maintained the elevator for the use of a class among others to which the decedent belonged. That being so, the duty rested upon it to maintain it in good repair or to give warning of its defects since they were not obvious. Failure in performance of this duty might have been found. *Crimmins* v. *Booth*, 202 Mass. 17, 21–24.

The contention of the defendant that the injury of the decedent resulted from fright presented a question of fact and could not have been ruled as matter of law. Whether the deceased acted as a reasonably prudent man ought to have acted in all the circumstances was a question of fact. *Gannon* v. *New York, New Haven & Hartford Railroad*, 173 Mass. 40. *Tozier* v. *Haverhill & Amesbury Street Railway*, 187 Mass. 179. G. L. c. 231, § 85.

After the verdict of the jury had been received and recorded and the jury discharged, the motion of the plaintiff

that interest be added to the verdict was allowed. It was provided by St. 1913, c. 290, § 1, that, in actions where a verdict was given for pecuniary damages for death, "there shall be added to the amount of the verdict interest thereon from the date of the writ." Respecting this provision it was said in *Nugent* v. *Boston Consolidated Gas Co.* 238 Mass. 221, at 238: "It is plain that interest follows upon the verdict, but forms no part of it. A verdict is first to be returned and recorded, and interest thereon is to be added by the clerk from the date of the writ to the date of the verdict." That case was tried to the jury and argued in this court before the General Laws took effect. When this provision of statute was incorporated in G. L. c. 229, § 11, it was in these words: ". . . there shall be added to the amount of the damages interest thereon from the date of the writ." The note of the commissioners respecting this section stated that it had been redrafted so as to make clear that interest should be computed in making up the verdict of the jury. "Verdict" is the word which expresses the final decision of a jury. A general verdict in an action at law is the final declaration by the jury as to the truth of the matters submitted to their determination and at issue between the parties. Except as damages may be reduced by the judge on proper proceedings to that end, it is commonly the foundation for the judgment. "Damages" is the word which expresses in dollars and cents the injury sustained by a plaintiff. It includes both the original debt or damage and whatever interest ought to be added to make a just verdict. The change made by the revision is not merely verbal without modification of meaning. *Boston & Maine Railroad* v. *Billerica,* 262 Mass. 439, 449. The revision abolished the anomaly of a verdict returned by the jury but not expressing the entire damages and the addition of interest to such verdict by some court officer, and placed upon the jury their true function to find the entire damages and to express them by their verdict. This change related to practice and procedure. It has to do solely with the method by which interest shall be included in the judgment. It did not

change the rate or the amount of interest to which a plaintiff was entitled or for which a defendant was liable. It did not affect the substance of the law nor modify the rights or liabilities of the parties. It was the duty of the judge by appropriate instructions to make plain to the jury that after ascertaining the initial amount of damages caused by the tortious act of the defendant they ought to add interest on that amount from the date of the writ. If he omits to do this, he commits an error which may be made the subject of an exception by the plaintiff; but he cannot make any change in the verdict after it has been recorded and the jury dispersed. The case on this point is controlled by *Minot* v. *Boston*, 201 Mass. 10.

The provision of G. L. c. 229, § 11, although not in force when the present action was brought, relates to practice and procedure and under the familiar rule governed the trial which occurred after it became operative. *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 3. *Smith* v. *Freedman*, 268 Mass. 38. *Thomes* v. *Meyer Store Inc.* 268 Mass. 587. It is not necessary to inquire whether the terms of G. L. c. 231, § 125, might be applicable to this point, because in any event the exceptions must be sustained.

*Exceptions sustained.*