ROSE HASTINGS MULLETT, ADMX. *v.* FRANK W. MILKEY, JR.

November Term, 1942.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 5, 1943.

*Alban J. Parker* and *L. S. Tillotson* for the plaintiff.

*Irwin S. Kendall* (*Richard E. Gale* and *F. J. Nash* on brief) for the defendants.

MOULTON, C. J. This accident happened in the town of Bernardston, Massachusetts, when the plaintiff's intestate, a pedestrian on the highway, was struck and instantly killed by an automobile driven by the defendant. The cause of action is predicated upon Sec. 5, Chap. 229, of the General Laws of Massachusetts, which, so far as material, provides that: "a person, who by his negligence or by his wilful, wanton or reckless act . . . . causes the death of a person in the exercise of due care, who is not in his employment or service, shall be liable in damages in the sum of not less than five hundred nor more than ten thousand dollars, to be assessed with reference to the degree of his culpability . . . . to be recovered in an action of tort . . . . by the executor or administrator of the deceased." The jury returned a verdict for the plaintiff to recover the sum of five hundred dollars. The plaintiff, being dissatisfied with this amount, moved to set the verdict aside and for a new trial on the issue of damages only. The motion was overruled and she excepted. She has also briefed two other exceptions taken during the trial, one to an instruction given to the jury, the other to the failure to give a requested instruction.

██ The motion to set aside the verdict has five grounds and one of these is that the verdict was contrary to the instructions of the court on the subject of damages. It is true, as the plaintiff says, that where it is clear that in arriving at their verdict the jury disregarded the charge of the court it is its duty to set the verdict aside upon proper motion. *French* v. *Wheldon,* 91 Vt 64, 69, 99 A 232; *Whitman* v. *Dailey,* 95 Vt 454, 456, 115 A 559. It is not a matter upon which the court can exercise discretion, and the ruling is reviewable here. *Paska* v. *Saunders,* 103 Vt 204, 217, 153 A 451; *Wellman, Admr.* v. *Wales,* 97 Vt 245, 248, 122 A 659; *Smith* v. *Martin,* 93 Vt 111, 122, 106 A 666. But in this case the particular instructions which are claimed to have been disregarded are not pointed out in the plaintiff's brief. Since we do not search the record to· discover grounds upon which to predicate error (*Higgin's Adm'r.* v. *Metzger,* 101 Vt 285, 297, 143 A 394), we give the question no further consideration.

██ The other grounds of the motion assert, in one form of expression or another, the claims that the damages awarded by

the jury are grossly inadequate and contrary to the evidence, which were questions addressed to the discretion of the trial court. *Rule v. Johnson,* 104 Vt 486, 490-1, 162 A 383; *Paska* v. *Saunders,* 103 Vt 204, 217, 153 A 451; *Woodhouse* v. *Woodhouse,* 99 Vt 91, 157, 130 A 758; *Wellman, Admr.* v. *Wales,* 97 Vt 245, 249, 122 A 659; *Lincoln* v. *C. V. Ry. Co.* 82 Vt 187, 196, 72 A 821, 137 Am St Rep 998; *Massucco* v. *Tomassi,* 80 Vt 186, 194, 67 A 551. The ruling below is not reviewable here in the absence of proof that the discretion was withheld or abused. *Paska* v. *Saunders, supra; Daniels* v. *Preston,* 102 Vt 337, 339, 148 A 285. Nothing appearing to the contrary we cannot assume that it was withheld; indeed, the assumption is that it was exercised. *State* v. *O'Brien,* 106 Vt 97, 102, 170 A 98; *Slack* v. *Bragg,* 83 Vt 404, 412, 76 A 148. And to establish an abuse of discretion it must appear that the discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Temple* v. *Atwood,* 99 Vt 434, 435, 134 A 591; *Schlitz* v. *Ins. Co.* 96 Vt 337, 342, 119 A 513; *N. E. Box Co.* v. *Tibbetts,* 94 Vt 285, 290, 110 A 434.

Where, as here, the damages are unliquidated and cannot be determined by a standard set by a contract between the parties or by exact evidence of pecuniary loss, and therefore rest in the judgment of the jury, they are not to be held either excessive or inadequate unless it clearly appears that they are grossly so. There is no presumption that they are the result of improper motives or a disregard of the evidence. Although a verdict may differ in amount from what, in our judgment, it ought to have been, we will not interfere unless the sum is so great or so small as plainly to indicate that it is the result of prejudice, perverted judgment, accident or mistake. *Rule* v. *Johnson,* 104 Vt 486, 491, 162 A 383; *Woodhouse* v. *Woodhouse,* 99 Vt 91, 154, 157, 130 A 758; *Barrette* v. *Carr,* 75 Vt 425, 427-8, 56 A 93. Since the trial court is in the better position to determine the question, the fact that a verdict has received its express approval is strongly in its favor and inclines us against disturbing the ruling, which should ordinarily be accepted. *Rule* v. *Johnson, supra; Platt, Adm'x.* v. *Shields and Conant,* 96 Vt 257, 269, 119 A 520. We will not substitute our judgment for the judgment of the jury or our discretion for the discretion of the trial court. *Pocket* v. *Almon,* 90 Vt 10, 14, 96 A 421.

Although the Massachusetts statute upon which this action

is based has a remedial aspect in that the sum recovered is for the use of the surviving widow or husband and children or other next of kin of the deceased, its chief characteristic is penal. *Macchiaroli* v. *Howell,* 294 Mass 144, 200 NE 905, 906; *Porter* v. *Sorell,* 280 Mass 457, 182 NE 837, 839, 85 ALR 1159. "Its primary purpose is punishment proportionate to the degree of blame inherent in the wrongful act for which the defendant is liable." *O'Connor* v. *Benson Coal Co.* 301 Mass 145, 16 NE2d 636, 637; *Boott Mills* v. *B. & M. R. R.* 218 Mass 582, 106 NE 680, 681; *Brown* v. *Thayer,* 212 Mass 392, 99 NE 237, 240. The damages, as they are termed, "are assessed with reference to the degree of culpability of the defendant and not by way of compensation for any loss sustained by the beneficiaries of the action." *Macchiaroli* v. *Howell, supra; Shockett* v. *Akeson,* 310 Mass 289, 37 NE2d 1015, 1017. The degree of culpability is a question for the jury to determine, having regard to all the circumstances of the accident. *Dzura* v. *Phillips,* 275 Mass 283, 175 NE 629, 630.

▉ In passing upon the issue raised by this motion any doubt regarding the weight of the evidence is to be resolved in favor of the verdict. *Reed* v. *Hendee,* 100 Vt 351, 355, 137 A 329; *Platt, Adm'x.* v. *Shields and Conant,* 96 Vt 257, 269, 119 A 520. On the evidence, much of which was uncontradicted, it was open to the jury to find these facts: At about 12:30 A. M. on July 31st, 1941, the defendant was driving northerly on the main highway between Greenfield, Massachusetts, and his home in Brattleboro, Vermont. He was familiar with the road, which was of black macadam, straight, slightly ascending, twenty feet wide, with a four foot shoulder on each side. The nearest house was some two hundred yards ahead. The night was clear. The defendant was proceeding at a rate of between 35 and 40 miles an hour. Although tired, he was not sleepy and he watched the road ahead of him, but saw no traffic or pedestrian. His lights, which were on full beam, and his brakes had been recently tested, and were in good condition. The left corner post of his windshield interfered somewhat in his vision on that side. The plaintiff's intestate, who was dressed in dark clothes, came across the highway from the defendant's left and the latter first saw him when he was three or four feet away, "lurching" or staggering into the path of the automobile and a foot or so on the defendant's side of the white center line. The defendant at once applied his brakes to the full extent, but the intestate was

struck by the left front fender, and was thrown or rolled 60 feet diagonally across to the left margin of the road, where his body was found.

There was evidence tending to show that the plaintiff's intestate was under the influence of intoxicating liquor, but the verdict is conclusive on the question of his contributory negligence and no issue as to this is before us. The plaintiff insists that the defendant could have discovered the intestate in time to have avoided the accident, and that his failure to do this shows a high degree of negligence. But the evidence as to the black surface of the road, with which the dark clothing of the victim blended, the late hour, the apparently deserted highway and the sudden and unexpected appearance of the intestate immediately in front of the automobile, was sufficient to justify the jury in finding that the defendant's conduct was not reckless or wilful, but consisted in nothing more than a momentary inattention, so that in spite of the regrettable result he should be assessed the minimum sum provided by the statute. It is also argued that if the speed of the defendant's car had been but 35 to 40 miles an hour, as he said, he could, as the evidence showed, have stopped within a distance of 90 feet, whereas the measurements taken very soon after the accident disclosed that he proceeded 220 feet from the point of collision, thus indicating that the speed was much greater than he claimed it was. Perhaps so; but opposed to this was his testimony, corroborated by certain tire marks on the road, that he partially released his brakes after the impact and brought the car to a gradual stop. As triers of the fact and judges of the weight of the evidence the jury were at liberty to accept his account of what he did and it is not for us to say that they were wrong.

We perceive no abuse of discretion in the denial of the motion to set the verdict aside.

The plaintiff took an exception "to that portion of the court's charge wherein it was stated in substance that there is not the same degree of alertness or attention required of the defendant when driving upon a road that is not frequented or carrying a large amount of traffic." It is enough to say that since no ground of objection was stated this exception in unavailing. *Cummings* v. *Conn. Gen'l. Life Ins. Co.*, 101 Vt 73, 92, 142 A 82; *Hambleton* v. *Aja Granite Co.*, 96 Vt 199, 204, 118 A 878; *Barnard* v. *Leonard*, 91 Vt 369, 371, 100 A 876.

The only other exception briefed by the plaintiff is one taken to the failure to comply with a requested instruction that the care required of the defendant was proportionate to the power of the instrumentality of which he was in charge and was of greater degree than that required of the plaintiff's intestate who was travelling on foot. It is argued that this omission was error in that it affected the jury's estimate of the degree of the defendant's culpability and thus had a direct bearing on the amount of the verdict, but no claim that it would have this result was made when the exception was taken. However, an examination of the charge as given discloses that the defendant's duty of care, with regard to the circumstances and dangers of the situation, and the criterion by which the damages were to be assessed, were adequately explained, and we are far from being satisfied that the failure to give the requested instruction misled the jury or affected their estimate of the blame to be attached to the defendant's conduct. It is the duty of the court, without request, to charge upon all the substantial issues in the case, but it is not bound to make every conceivable comment upon the evidence and the weight of it. *Andrews* v. *Aldrich,* 104 Vt 235, 239, 158 A 676, and cas. cit. This exception is not sustained.

All questions presented by the plaintiff's brief have been considered, and no error has been made to appear.

*Judgment affirmed.*