FRANK CENATE *v.* VERNAL HUNTER.

(62 A2d 645)

May Term, 1948.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 5, 1948.

Opinion on motion for reargument filed December 15, 1948.

*Ralph Chapman* and *Gibson, Gibson & Crispe* for the plaintiff.

*Osmer C. Fitts* and *John A. Lowry* for the defendant.

MOULTON, C. J.   A motor truck operated by the defendant collided with a horse drawn vehicle driven by the plaintiff.   The result was a law suit.   At the close of the trial the jury returned a verdict for the plaintiff to recover the sum of $376.   He moved to set aside the verdict and to grant a new trial on the issue of damages, setting forth among other grounds that the verdict was grossly inadequate and contrary to the instructions of the Court.   The motion was overruled, the plaintiff took an exception, and so the cause is before us.

A motion to set aside a verdict on the ground that the damages awarded are inadequate is addressed to the discretion of the trial court and the ruling thereon is not subject to review unless an abuse of discretion is made to appear.   *Dusckiewitz* v. *Carter,* 115 Vt 122, 126, 52 A2d 788; *Bennett* v. *Robinson,* 106 Vt 112, 113, 169 A 901.   To warrant interference where there is no stand-

ard of damages disclosed by a contract, or otherwise ascertainable by exact evidence of pecuniary loss, the amount must be clearly shown to be grossly insufficient. *Brace* v. *Hulett,* 109 Vt 360, 363, 196 A 742; *Barrette* v. *Carr,* 75 Vt 425, 428, 56 A 93; and see *Bennett* v. *Robinson, supra.* The fact that the verdict has received the express approval of the trial court inclines us strongly in its favor. *Mullett* v. *Milkey,* 113 Vt 42, 45, 29 A2d 806; *Rule* v. *Johnson,* 104 Vt 486, 491, 162 A 383. If it can be justified upon any reasonable view of the evidence, considered in the light most favorable for the defendant, the ruling must stand. *Dusckiewitz* v. *Carter, supra.* But where a motion to set aside a verdict is upon the ground that it was contrary to the instructions of the court the rule as to discretion does not apply and the ruling is revisable here. *Mullett* v. *Milkey, supra,* p. 44, 113 Vt and cas. cit.

The elements of damage as alleged in the complaint and submitted to the jury in the charge are these: the plaintiff's medical expenses; his pain and suffering, past, present and future; his loss of earning capacity resulting from his injuries; the loss of the horse; and the destruction of his wagon.

As to the first item there is no dispute. The plaintiff paid $6 for medical attention and $45 for x-ray photographs. As to the plaintiff's pain and suffering the evidence, taken most favorably for the defendant, tended to show that he sustained a blow on his head, several abrasions thereon and on one elbow and two cracked ribs; that, except for the injury to the ribs, he was not badly injured; that the x-ray photographs disclosed no fracture of the skull, but an arthritic condition of the spine, extending its entire length and to the ribs where they joined the spine, that had no connection with the accident and had probably existed for some years before it occurred; that this condition might have been aggravated, but only temporarily, by the accident, and that at the time of the trial no indication of aggravation appeared. The plaintiff was discharged by his physician about six weeks after the accident. He testified that since the time of his injuries up to the time of the trial he suffered from backache and intermittent headaches. There was conflicting testimony concerning the cause and probable duration of these disabilities, but there was medical evidence to the effect that the then present backache was due to arthritis, and not to the cracked ribs, and that the headaches were caused by the need for eye glasses. There was, however, undisputed evidence that the rib

injuries caused the plaintiff pain during the healing process and that the blow upon his head would naturally result in a headache of about a week's duration. From the above recital it appears that the jury would have been justified in finding that no pain or suffering was proximately caused by the accident, subsequent to the expiration of six weeks after its occurrence.

Concerning his loss of earnings, it appeared that for three or four weeks before his injuries the plaintiff was earning between $50 and $60 a week, and that his employment was still open to him. His pay included his services with the horse and his tools, and compensation for an occasional helper. There was no specific evidence as to the frequency of such assistance. All that appeared was that the plaintiff worked alone most of the time. There was evidence tending to show that he was unable to do manual labor during the six weeks required for the healing of his cracked ribs, but that, so far as any injuries caused by the accident were concerned, he was able to resume his work after that time, and it was open to the jury to conclude that this was so.

There was testimony that the horse was the property of the plaintiff's wife, which she paid for partly in cash and partly by her promissory note, the bill of sale being in her name and the animal delivered to her. The jury were instructed, without objection, that the plaintiff was not entitled to recover for its loss unless they were satisfied that he owned it, but if it belonged to his wife he could not recover on this item. Obviously the jury might have found that the horse was not his. There was also testimony that the value of the wagon was $25.

It is true, as the defendant argues, that the amount awarded by the verdict may be taken to include the doctor's bill of $6.00; the charge for x-ray photographs of $45; a loss of earnings for six weeks at $50 a week; and $25 for the wagon; in all the exact sum returned, $376. If these were the only items of damage there would be no difficulty in sustaining the denial of the motion to set aside, for, under such circumstances, no abuse of discretion would be shown. But in the foregoing computation no compensation for the pain and suffering incident to the plaintiff's head and rib injuries is taken into account. Although the jury could find, under the evidence, that this condition endured no longer than six weeks subsequent to the accident, still it existed and was not denied to exist within that period, and was submitted in the charge as an element

of the damages for which the plaintiff was entitled to recover, if the defendant were held liable. The defendant argues that it could have been found that the plaintiff was incapacitated for only five weeks, thus making his loss of income $250 and leaving a residue of $50 to cover his pain and suffering, but there is no basis for this claim in the medical testimony which set six weeks as the minimum time during which he was unable to work. Thus it appears that the jury disregarded the instruction given upon this point and failed to decide a material issue submitted to them. This situation, as we have seen, did not call for the exercise of discretion by the trial court. It was its duty, under these circumstances, to grant the motion. *French* v. *Wheldon,* 91 Vt 64, 69, 99 A 232.

The defendant contends that even if it should be manifest that the jury disregarded the measure of damages stated in the charge, we should give no consideration to the question because the particular instructions claimed to have been disregarded are not pointed out in the plaintiff's brief. It is true that we do not search a record for the purpose of discovering error, but in this instance the relevant part of the charge has been sufficiently indicated.

Enough has been said to dispose of the issue in this proceeding and there is no need to examine the other grounds of the motion which present questions not likely to arise upon another trial.

*Judgment reversed. Verdict set aside as to damages and new trial ordered upon the issue of damages only.*

## ON MOTION FOR REARGUMENT

MOULTON, C. J. The defendant's motion for reargument is based upon three grounds. The first is that the opinion states that the elements of damage as alleged in the complaint and submitted to the jury included the plaintiff's pain and suffering past, present and future. This is in accordance with the complaint, but, as the defendant has pointed out, it appears by the transcript that the question of future damages of this sort was withdrawn from the jury during the trial. To insure complete accuracy the reference to future personal damage as an issue at the trial has been deleted, although the opinion makes it clear that the reason of the decision is that the jury neglected to pass upon the issue of past pain and suffering, that is, such as was endured by the plaintiff during at least the six weeks after he sustained his injuries, which, as the un-

contradicted evidence showed was the minimum period of his incapacity.

The second ground is that it cannot be said that the jury disregarded the instructions as to damages, because the wages earned by the plaintiff before the accident covered also the use of his tools, the horse and the services of an occasional helper, and so the amount of the verdict may be explained by assuming that it allowed only for compensation for his personal labor, without the aid of these accessories to his employment, leaving a balance to cover the item of his pain and suffering.

It is enough to say that in the defendant's brief in the former hearing in this case the verdict was computed as including the sum of $300 as loss of income for the services of the plaintiff and the horse and wagon, at $50 a week for six weeks, and it was argued that the jury could have found that he was disabled for only five weeks, leaving a residue of $50 for his illness.

The contention now put forward differs from that presented in the original brief. A reargument will not be granted for the purpose of affording an opportunity to present a new question. *Brown* v. *Maryland Casualty Co.*, 111 Vt 30, 36, 11 A2d 222, 129 ALR 1404; *Vt. Shade Roller Co.* v. *Burlington Traction Co.*, 103 Vt 293, 297, 153 A 563; *Spaulding* v. *Ins. Co.*, 94 Vt 42, 54, 109 A 22, and cases cited. The motion is confined to points presented in the brief and argument thereon. *In re Moxley's Will*, 103 Vt 100, 115-6, 152 A 713; *Ryan* v. *Orient Ins. Co.*, 96 Vt 291, 305, 119 A 423.

The third and last ground is that the verdict was the result of a compromise and should be set aside in its entirety. The defendant's present position is inconsistent with that taken by him at the former hearing. Then the plaintiff, in support of his motion to set aside the verdict, argued as one ground thereof that the verdict was a compromise, and the defendant most emphatically denied that this was shown to be the case. We agree with his contention as then made. No plain inference can be drawn in this instance that the verdict was tainted by the surrender of conscientious convictions by any of the jury. See *Parizo* v. *Wilson*, 101 Vt 514, 522-3, 144 A 856.

*Motion for re-argument denied. Let full entry go down.*