# Franklin County Realty Corporation v. George Cunnius and Suzanne Cunnius

[ 252 A.2d 524 ]

February Term, 1969

Present: Holden, C.J., Shangraw, Barney, Keyser, JJ., and Hill, Supr. J.

Opinion Filed April 1, 1969

*Kissance & Heald* for the Plaintiff.

*Webster & Tyler* for the Dedendants.

**Holden, C.J.** The plaintiff realty company sold a dwelling house to the defendants on January 9, 1965. The property was located in Montgomery. The purchase price of $12,500 was financed by a first mortgage which the plaintiff negotiated with the Burlington Savings Bank in the amount of $9,300. The defendants gave their promissory note for $3,200, payable to the plaintiff at Montgomery Center, to complete the purchase. The instrument provided for interest at six percent and reasonable attorney' fees in the event collection is required. The action was brought to recover the balance due on that obligation.

The defendants answered that they were not indebted to the plaintiff for reasons asserted in their plea in set-off. Their claim against the note in suit alleges faulty and inadequate construction of the dwelling house, specifying some twenty defects which the plaintiff promised, but failed, to correct. The defendants seek to recover damage in the amount of $10,500.

The cause was tried by jury. The court instructed the jury that

"(i)t is undisputed that the defendants did in fact execute a note dated as of January 1, 1965 in the amount of Thirty-two hundred dollars ($3,200.00), and it is further undisputed that the defendants have not as of this time paid any interest on said note or any part of the principal."

The presiding judge reminded the jury that the parties had stipulated concerning prevailing rates for attorneys in collection suits. The charge continued—:

"Therefore, in view of the state of the evidence as far as the plaintiff's claim is concerned, you are instructed and directed that you must find for the plaintiff as far as liability is concerned, that the amount due is thirty-two hundred dollars ($3,200.00) principal, plus interest at six percent from January 1, 1965, to date, plus whatever amount you find from the evidence would be a reasonable solicitor's or attorney's fee on collections.

"You will then proceed to consider the second part of this case which is the defendant's claim by way of set-off. (Now a set-off is defined as the discharge or reduction of one demand by an opposite one.) In other words, a counter-claim which the defendants hold against the plaintiff arising out of a transaction extrinsic to the plaintiff's cause of action; here that the plaintiff, according to the plaintiff's testimony, agreed to construct the house here in-

volved suitable to the satisfaction of the defendants, Cunnius, and promised that the plaintiff, Franklin Realty Corporation, would construct said house in a good workmanlike manner, and that the plaintiff further agreed to correct certain defects in such construction provided the defendants, Cunnius, signed the note above referred to.—"

The jury was instructed fully concerning the opposing claims of both parties in relation to the set-off, pointing out that the plaintiff denied the claim and contended the house was sold "as is," without agreement to repair. The court concluded with these specific instructions concerning four alternative verdicts:

"If you find for the plaintiff, Franklin Realty, on all issues, in other words, a total on the note, which I have already directed you to do, also as to the claim in set-off; in other words, that there are no damages therein, no agreement, your foreman will sign the form entitled 'Plaintiff's Verdict' and insert in the blank provided therefor the amount of dollars to which you find is due by reason of default on the note.

"If you find for the plaintiff, Franklin Realty, on the issue of the note, as I have directed you to do, but also find for the defendants, Cunnius, on the issue of the claim in set-off, but find that the damages connected with the note are greater than what you find the damages due to the defendants on the claim in set-off, then your foreman will sign the plaintiff's verdict and insert in the plank provided therefor the amount of dollars difference between the amount found for the defendants and the amount found for the plaintiff. In other words, in this instance, the plaintiff is only entitled to recover the excess.

"If you find that the amount of the plaintiff's damages on the note equals the amount of damages you find for the defendants on the plea in set-off, your foreman will sign the form entitled 'Defendants' Verdict'. There is no blank to be filled out in this particular form.

"If you find that the damages for the defendants, Cunnius, in the claim in set-off exceeds the amount of damages for the plaintiff, Franklin Realty Corporation, on the note, then your foreman will sign the form at the bottom entitled 'Defendants' Verdict' and will insert in the blank provided therefor the amount in dollars which the defendant's damages exceeds the plaintiff's damage."

Before finally submitting the case, the court called upon counsel for objections and suggestions for correction. The plaintiff's attorney responded:

"We have no objection to the Court's charge in this action. I would have no comments to make on the same."

About three and a half hours later and without request for further instructions, the jury returned its written verdict: "In this cause, the jury on their oath say the defendants are not liable in manner and form as the plaintiff has alleged in his complaint." The verdict was received and the jury discharged.

Some days later the plaintiff presented the court with a motion to set the verdict aside and order a new trial. It contends the result reached by the jury is inconsistent with the verdict which the court directed as to the plaintiff's claim on the note in suit. The motion was denied and judgment of no liability was entered in favor of the defendant. In this appeal by the plaintiff, the error claimed is confined to the court's refusal to set the jury's verdict aside and order a new trial.

■ At the outset the plaintiff contends that the trial court specifically directed a verdict in its action on the promissory note. This premise is not entirely accurate. In a strict sense, the word "verdict" expresses the final decision of the jury. *Fidelity & Casualty Co.* v. *Huse & Carleton,* 272 Mass. 448, 172 N.E. 590, 593, 72 A.L.R. 1143. Only a jury can render a verdict, although a particular verdict and judgment may be returned by order or direction of the court. *State* v. *Margie,* 119 Vt. 137, 141, 120 A.2d 807; *Langdon-Davies* v. *Stalbird,* 122 Vt. 56, 58, 163 A.2d 873; *Bailey* v. *Central Vermont Railway, Inc.,* 113 Vt. 433, 446, 35 A.2d 365; 53 Am. Jur., Trial §§332, 1005.

The record discloses that the only verdict rendered in this case announced the jury's decision on the issues submitted in the charge. There was no verdict by direction of the court.

■ The court did give certain binding instructions in submitting the case for decision. In substance and effect, we think the plaintiff's motion to set the verdict aside is grounded on the proposition that the verdict was contrary to the court's instructions. The ruling on this question was not discretionary. If the jury disregarded the instructions it was the trial court's duty to vacate the verdict and the decision

is subject to review on appeal to this Court. *Cenate* v. *Hunter,* 115 Vt. 402, 404, 62 A.2d 645; *Mullett* v. *Milkey,* 113 Vt. 42, 45, 29 A.2d 806.

The action initiated by the plaintiff is a collection suit on a promissory note within the provisions of County Court Rule 9. The defendant's claim in set-off is founded on the plaintiff's breach of a collateral agreement between ·the parties prior to the sale concerning the construction of the house and the correction of certain structural deficiencies in the premises which developed after completion.

 Under our practice, this litigation could have been the subject of separate actions at the instance of each claimant. *Hutchins* v. *George,* 92 Vt. 371, 373, 104 A. 108; *Davenport* v. *Hubbard,* 46 Vt. 200, 206. However, the defendants elected under 12 V.S.A. §5461, to file a complaint in set-off against the obligation of the note. This remedy was available to them, not only to reduce or extinguish the obligation on the note, but to achieve an affirmative judgment in such amount as their claim was found by the jury to exceed the amount due on the note. The case was tried and submitted on that theory and is not open to question now. *Lalime* v. *Desbiens,* 115 Vt. 165, 168, 55 A.2d 121.

█ Consistent with the law of the case, the cause was committed to the jurors on four alternatives. They were instructed that their verdict was to be returned according to their determination of the merits of the defendants' claim in set-off. If they found there was no agreement, as alleged by the defendants, they were to return a plaintiff's verdict for the full amount due on the note. If they determined there was a collateral agreement, but the defendants' damage did not equal the amount due under the note, the amount due on the note was to be reduced to reflect the recoupment and the balance specified as the amount of the plaintiff's verdict. If the defendants' damage exceeded that recoverable on the note, the defendants were entitled to a verdict which should indicate the excess. The fourth alternative was such that if the amount recoverable on the note equalled the defendants' damage, established under their claim in set-off, the opposing obligations would be extinguished and their verdict would be for the defendant, without specifying any damage recoverable against the plaintiff. The jury found the last alternative. This was entirely in keeping with the court's instructions.

The plaintiff contends that the verdict is deficient and should be set aside for its failure to assess damages. It now urges that it is incredible that the jury should find the opposing claim would exactly balance to negate each other. If so, it was the plaintiff's duty to voice its belief that this alternative offered an incongruous result. And either party was at liberty, under 12 V.S.A. §1946, to call for special verdicts to articulate the final result. Absent these considerations, the jury was not required to specify how they struck the balance. *Clemmons* v. *Clemmons*, 68 Vt. 77, 80, 34 A. 34.

The authorities, which the plaintiff cites from other jurisdictions, are composed of varying statutes in the context of differing procedural complications. We find no occasion to distinguish them from the circumstances which prevail in the case before us.

We find no error in the denial of the plaintiff's motion to set the verdict aside and order a new trial.

*Judgment affirmed.*