JONES, Justice.
From a judgment of $1,250 rendered in the Circuit Court of the First Judicial District of Hinds County, Mississippi, appellant, who had sued appellee for damages on account of personal injuries arising from an automobile collision, appeals.
The errors assigned are two:
(A) The inadequacy of the verdict; and
(B) The granting of the instruction hereinafter copied.
We reverse and remand for a new trial on the question of damages only because of the said instruction.
We do not deem it necessary to discuss the first assignment.
At the conclusion of the evidence offered by appellant, the court gave a peremptory instruction, reading as follows:
The Court instructs the Jury that under the law and the facts of the case, the Plaintiff is entitled to a verdict against the Defendant, Hilda P. Pearson, and the Court, therefore, instructs you to return a verdict against that Defendant and for the Plaintiff.
*759 In arriving at the amount of your verdict, you are the sole judges as to that amount. You may take into consideration all damages of any kind or character necessarily incurred by Plaintiff as a result of the collision. You may take into consideration any medical expenses and property damage necessarily incurred as a result of the collision. You may take into consideration any loss of income necessarily incurred as a result of the collision. You may take into consideration any pain, suffering, discomfort, disability, or mental anguish necessarily incurred as a result of the collision.
It is noticed that in this instruction, the jury was told that as to the amount of the verdict, “you are the sole judges as to that amount,” and in addition to other elements of damages, they were told that they might take into consideration, (1) loss of income, (2) pain, suffering, discomfort, (3) disability, and (4) mental anguish.
In this posture of the case, where the jury had been peremptorily instructed to return a verdict for the appellant, and the only issue to be determined by the jury was the amount of the verdict, the court gave the following instruction for the ap-pellee.
The Court instructs the jury for the defendant that the burden is on the plaintiff to prove by a preponderance of the evidence and with reasonable certainty that the plaintiff has suffered damages in this case; and such damages, if any, cannot be established by mere surmise, conjecture, or speculation, but must be reasonably certain. You cannot return a verdict for compensatory damages in favor of the plaintiff herein where such damages are merely speculative and based upon conjecture or surmise, (emphasis added).*
In spite of the fact that the judge had told the jury to return a verdict for the appellant, and that the jury was the sole judge of the amount to be awarded, the above instruction was given, and we must consider it in the light of the status of the case when it went to the jury, considering the fact that the court had told them to return a verdict for the appellant and that they were the sole judges as to the amount of the verdict.
This leads us to a consideration as to what the instruction meant when it said that the appellant had the duty to prove by a preponderance of the evidence, and with reasonable certainty, that the appellant had suffered damages. In order for the jury to understand this instruction, it must be determined what the word “damages” means and what the jury could understand from this instruction.
In Fidelity & Casualty Company of New York v. Huse & Carleton, Inc., 272 Mass. 448, 456, 172 N.E. 590, 593, 72 A.L.R. 1143, 1149 (1930) in considering a statute *760 involving the word “damages,” the Massachusetts Court said this:
“Damages” is the word which expresses in dollars and cents the injury sustained by a plaintiff. It includes both the original debt or damage and whatever interest ought to be added to make a just verdict.
In 11 Words and Phrases, “Damages” (Perm.Ed.1940) at page 18, under the heading “Compensation for loss,” there are twenty-three citations with the same or a similar definition, and none contra, these citations being from numerous states and the United States Supreme Court.
Among the elements to be considered under the said peremptory instruction, there are many items that are not subject to proof as to monetary value but are solely within the discretion of the jury. In fact, on a number of such elements, proof as to their monetary value would be inadmissible. When compensatory damages are susceptible of proof, with approximate accuracy, and may be measured with some degree of accuracy, they must be so proved; but appellant’s recovery is not limited only to such damages as may be measured with any certainty. What is required in cases of inability to- establish with reasonable certainty or approximate accuracy is evidence of facts, circumstances, and data justifying an inference that the damages awarded are a just and reasonable compensation for the injury suffered. 25 C.J.S. Damages § 28, p. 691 (1966).
There is no cross-appeal in this case, and the only issue involved is, since we are not discussing the adequacy or inadequacy of the verdict, the correctness of the said instruction given for the appellee. That instruction is not correct because, by the use of the word “damages,” the jury could have been confused and misled into believing and understanding that the appellant was required by the preponderance of the evidence, and with reasonable certainty, to prove the monetary value of all the elements of damage that might be considered by them.
The instruction was wrong, and we consider it harmful and reversible error.
This case is affirmed as to liability, but reversed and remanded for a new trial on the question of damages only.
Affirmed in part; reversed and remanded in part.
GILLESPIE, P. J., and BRADY, INZER and ROBERTSON, JJ., concur.

 The instruction used by appellee is a verbatim copy of the instruction shown in Mississippi Jury Instructions section 1673 (1953).
The Meridian Star v. Kay, 211 Miss. 536, 52 So.2d 35 (1951) is cited as justifying this instruction. A reading of that decision, however, discloses the instruction was not approved; the case was affirmed with a statement that the thirty-five instructions given covered the legal principles involved and inconsistencies therein were cured when all were considered together.
Further, as bearing upon this question, see Dennis v. Prisock, 254 Miss. 574, 181 So.2d 125 (1965) ; Billups Petroleum Company v. Hardin’s Bakeries Corporation, 217 Miss. 24, 63 So.2d 543, 64 So. 2d 764 (1953); Shell Petroleum Corporation v. Yandell, 172 Miss. 55, 158 So. 787 (1935); Kress & Company v. Sharp, 156 Miss. 693, 126 So. 650, 68 A.L.R. 167 (1930),
On the question of amount of damages for pain and suffering and the determination thereof, see Sandifer Oil Co., Inc. v. Drew, 220 Miss. 609, 71 So.2d 752 (1954).