233 So.2d 820 (1970)
Walker K. GRIFFIN
v.
Gary W. HOLLIDAY.
No. 45742.
Supreme Court of Mississippi.
April 6, 1970.
*821 Charles C. Finch, Batesville, Jack N. Tucker, Tunica, Bowling, Coleman & Cothren, Jackson, for appellant.
Dulaney & Dulaney, Tunica, Odom, Odom & Upshaw, Luke J. Schissel, Greenwood, for appellee.
GILLESPIE, Presiding Justice.
This is an appeal by the plaintiff in a personal injury suit wherein the jury found for defendant. The principal question before this Court is whether erroneous instructions given at the request of defendant are harmless errors within the meaning of Mississippi Supreme Court Rule 11. We hold the errors constitute grounds for reversal.
Walter K. Griffin, plaintiff below and appellant here, sued Gary W. Holliday, defendant below and appellee here, in the *822 Circuit Court of Tunica County for personal injuries sustained in a one-car accident. Defendant was the driver while plaintiff was a guest passenger, along with Walter Lyons. All were students at Northwest Junior College at Senatobia, Mississippi, which they left about 7:30 P.M. with the intention to drink beer. For this purpose, they decided to go to the "Hitching Post" in Holly Springs, a distance of about 35 miles. They remained there about two hours. On the return trip defendant had driven about twenty miles when he lost control of the automobile in negotiating an S curve in the highway. The vehicle overturned and plaintiff, who was riding in the rear seat, was injured.
Defendant affirmatively pleaded assumption of risk and contributory negligence on the part of plaintiff. As to these issues, the testimony is conflicting. Defendant's version of the facts is that while at the "Hitching Post" for a period of about two hours, plaintiff drank about one two-quart pitcher of beer while defendant and Walter Lyons each drank one gallon of beer from two similar-sized pitchers; that upon leaving the "Hitching Post" defendant and Lyons argued about who would drive, each believing the other to be too drunk, and thereupon defendant undertook to drive back to Senatobia; that prior to the accident on the return defendant drove at an excessive and dangerous rate of speed and experienced difficulty in controlling the automobile about which plaintiff made no protest. On the other hand, plaintiff's version is that all three of them drank only two pitchers of beer; that no one was drunk; that defendant drove normally and safely after leaving the "Hitching Post" until he reached the double S curve where the accident occurred when he lost control because of excessive speed. Although both parties contend that the overwhelming weight of the evidence supports his side of the case, we are of the opinion that a jury issue was presented as to whether plaintiff assumed the risk.
Instruction Number Eight given on behalf of defendant informed the jury that the doctrine of assumption of risk "is in full force in the State of Mississippi." The quoted portion has no proper place in an instruction. This instruction further told the jury that if plaintiff voluntarily or knowingly placed himself in defendant's automobile when the defendant was intoxicated to the extent that it was an unsafe venture for plaintiff, then the plaintiff assumed the risk embraced in defendant's intoxicated condition. This was error. Before the doctrine of assumption of risk applies the plaintiff must know and fully understand the risk he is incurring, and plaintiff's choice to incur the risk must be free and voluntary. Crouch v. Miss. Power & Light Co., Miss., 193 So.2d 144 (1966); Saxton v. Rose, 201 Miss. 814, 29 So.2d 646 (1947). The instruction complained of did not require both knowledge and voluntariness.
Instruction Number One, given at the request of the defendant, is erroneous since it informed the jury that plaintiff was negligent if he was riding in the car with defendant, if defendant was intoxicated "to any extent."
Instruction Number Seven, given at the request of defendant, is erroneous in that it told the jury that plaintiff assumed the risk of riding with defendant if plaintiff "should have been aware of the condition of Gary W. Holliday" and nevertheless voluntarily rode in the automobile if Holliday was unfit to drive his automobile from drunkenness or other cause. This instruction omits the essential requirement that the plaintiff must know and appreciate the risk. A determination of whether the plaintiff assumed the risk depends upon what he knew and appreciated by the subjective standard of the plaintiff himself, not by the objective standard of the reasonable man. Daves v. Reed, Miss., 222 So.2d 411 (1969).
Plaintiff complains of Instruction Number Five, given on behalf of defendant. *823 This instruction involves damages, but since the case is to be retried it is necessary to pass upon this assignment of error. The giving of this instruction was held to be error in Washburn v. Pearson, Miss., 226 So.2d 758 (1969).
Plaintiff cites no cases sustaining his contention that Instructions Number Four and Six, given on behalf of defendant, are incorrect.
Defendant-appellee makes a strong argument that the errors in the instructions are harmless errors under Rule 11, which reads as follows:
No judgment shall be reversed on the ground of misdirection to the jury, or the improper admission or exclusion of evidence, or for error as to the matter of pleading or procedure, unless it shall affirmatively appear, from the whole record, that such judgment has resulted in a miscarriage of justice.
In applying the harmless error rule this Court views the whole record as to whether the verdict and judgment are supported by the weight of the evidence and whether the errors are trivial in order to determine if it affirmatively appears that the error resulted in a miscarriage of justice. The harmless error rule serves a useful purpose because few trials are without some error. In this case the errors contained in the instructions are such that the jury could not have understood correctly the basic issue in the case, i.e., whether plaintiff should be denied recovery of damages because he assumed the risk. In our opinion a jury question was presented, and the multiple errors in the instructions cannot be deemed harmless. Therefor the case must be reversed for a new trial.
Plaintiff complains of several statements and rulings of the trial judge which, it is asserted, deprived plaintiff of a fair trial. In our opinion the able trial judge was fully justified in admonishing counsel for both sides in his effort to expedite the trial which involved considerable disagreement among counsel.
Reversed and remanded.
RODGERS, JONES, BRADY and SMITH, JJ., concur.