PATTERSON, Chief Justice,
for the court:
Bobbie Amiker sued Ruby Brakefield in the Circuit Court of the First Judicial District of Hinds County for damages for personal injury sustained in a motor vehicle collision. Amiker suffered a soft tissue injury commonly called whiplash. At trial Brakefield admitted liability for the collision, and the jury assessed Amiker’s damages at $12,943.60. Thereafter, judgment was entered in the amount of $11,072.98, reflecting a remittitur of $1,870.62 for benefits previously paid by Brakefield’s insurer.
Aggrieved by that verdict, Amiker appealed, filing several assignments of error. The first assignment of error, in our opinion, is dispositive of the suit. Others will receive comment.
First, Amiker argues the court erroneously granted the following instruction:
The court instructs the jury that the burden is on the plaintiff to prove by a preponderance of the evidence and with *940 reasonable certainty that the plaintiff has suffered damages in this case; and such damages, if any, cannot be established by mere speculation, conjecture or guesswork, but must be reasonably certain.' You cannot return a verdict for compensatory damages in favor of the plaintiff herein if such damages are merely speculative and based upon conjecture, surmise or guesswork. (Emphasis added.)
According to Amiker, the emphasized language imposed a burden of proof higher than that required in an ordinary civil case, by a preponderance of the evidence. We agree.
In Washburn v. Pearson, 226 So.2d 758 (Miss.1969), a practically identical instruction was granted after the court had peremptorily instructed the jury to return a verdict for the plaintiff. We held the instruction had the propensity to confuse and mislead the jury “into believing and understanding that the appellant was required by the preponderance of the evidence, and with reasonable certainty, to prove the monetary value of all the elements of damage that might be considered by them.” This was error because a plaintiffs recovery “is not limited only to such damages as may be measured with any certainty.” 226 So.2d at 760. For this reason we reversed and remanded for a new trial on the issue of damages only.
The Washburn case recognizes that an instruction such as D-4 effectively imposes on the plaintiff on the issue of damages a burden of proof higher than a preponderance of the evidence. With the language “with reasonable certainty,” this instruction indicates to the jury that the plaintiff is required to prove the monetary value of each element of recovery. In many cases, such as those in which the plaintiff seeks compensation for pain, suffering and mental anguish, such proof cannot be made with mathematical precision, and such is not required by law. Assessment is within the discretion of the jury.
We are of the opinion Washburn requires holding the granting of Instruction D-4 reversible error.
Secondly, we address Amiker’s contention that the court erred by allowing defense counsel to cross-examine her treating physician regarding the reports of other doctors. We note the plaintiff had expressly waived her statutory privilege against disclosure of communications between these other doctors and herself. The physicians were subject to subpoena by the defendant as they were to the plaintiff. Since this is so, we are of the opinion the court erred in permitting the cross-examination of Dr. Crowell on the other doctors’ reports because they were as available to the defendant to be called as witnesses as they were to the plaintiff. On retrial we trust this will not arise again.
Finally, we consider the denial of Amiker’s motion in limine to prohibit the defense from showing she suffered no loss of wages due to her injury. While Amiker’s employer continued to pay her during her absence from work, the payments represented vacation and sick pay which were benefits given by her employer. The defendant should not be able to profit from Amiker’s benefits from a collateral source. Preferred Risk Mutual Ins. Co. v. Courtney, 393 So.2d 1328 (Miss.1981). In our opinion the denial of the motion in limine in effect forced plaintiff’s counsel to address the issue on direct examination rather than suffer the consequences of having the matter brought up for the first time by the defense. On re-trial the fact that Amiker received sick and vacation pay should not be put before the jury.
The case is hereby affirmed as to liability and reversed and remanded for a new trial on the issue of damages.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.