# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 93-CA-00129-SCT

*JAMES M. BURNS LUMBER COMPANY, INC. AND JAMES M. BURNS, INDIVIDUALLY*

*v.*

*J.D. DILWORTH*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/15/93 |
| TRIAL JUDGE: | HON. BARRY W. FORD |
| COURT FROM WHICH APPEALED: | ALCORN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | STEPHEN P. LIVINGSTON |
| ATTORNEY FOR APPELLEE: | JON H. HILL |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 5/30/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 6/20/96 |

**BEFORE SULLIVAN, P.J., McRAE AND MILLS, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. J. D. Dilworth filed suit against James M. Burns individually, and James Burns Lumber Company in the Circuit Court of Alcorn County, Mississippi, alleging that he injured his back while in the employment of Burns and the James Burns Lumber Company. Burns denied these allegations.

¶2. Every person, firm, or private corporation that has in service five (5) or more workmen or operatives regularly in the same business are subject to workers' compensation. Miss. Code Ann. § 71-3-5. Burns met these criteria; however, he did not carry Workers' Compensation insurance and Dilworth brought an action at law.

¶3. The case was tried before the Honorable Barry W. Ford, Circuit Judge, sitting without a jury. At the conclusion of all the evidence Judge Ford found that Dilworth had proven his injury and damages by a preponderance of the evidence and awarded him $54, 000.00 plus medical bills. Because Dilworth had a preexisting condition, the trial judge reduced the award accordingly and the final judgment was $36,000.00 plus medical bills, which resulted in a total judgment in the amount of $47,811.46.

¶4. In his appeal to this Court Burns charges the circuit judge with two errors: 1) not sustaining Burns' motion to exclude evidence of the plaintiffs at the conclusion of the plaintiff's case and 2) not requiring Dilworth to prove his case by substantial evidence.

¶5. At the end of the plaintiff's case Burns moved for a directed verdict, but he failed to renew the motion for a directed verdict at the end of the trial. Burns proceeded instead with his defense at the end of the plaintiff's case.

¶6. This Court has stated before that:

> [i]n both jury and non-jury cases, civil and criminal, we have repeatedly held that, where a defending or responding party, following the overruling of a motion for a directed verdict or a motion to dismiss, goes forward with evidence of his own, he waives the right to assign on appeal error in the failure of the trial judge to grant his motion.

*Clements v. Young*, 481 So. 2d 263, 268 (Miss. 1985) (citations omitted).

¶7. There is no merit to this assignment of error.

¶8. In his second assignment, Burns argues that the trial judge should have ruled in his favor because Dilworth did not prove his case by substantial evidence. Substantial evidence is the burden that would have been upon Dilworth under the Workers' Compensation Act. However, as stated above, Burns did not carry Workers' Compensation. The burden of proof in an ordinary civil case is by preponderance of the evidence. *Amiker v. Brakefield*, 473 So. 2d 939, 940 (Miss. 1985).

¶9. Dilworth met his burden of proof. There is no merit to Burns' second assignment of error.

¶10. Judgment of the Circuit Court of Alcorn County, Mississippi, is affirmed.

**¶11. AFFIRMED.**

**LEE, C.J., PRATHER, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**