Scott *v.* Niles.

---

OLIN SCOTT *v.* JOSEPH NILES, 2D.

*Book Account. Notice. Costs. Offset.*

Where the defendant, in a book account action, has had personal notice of the suit, not personal service of the writ, and neglects to present, in that suit, matters of account that he may then have against the plaintiff, the provisions of the statute, (Gen. Stat., ch. 125, § 23,) denying him costs in a further action to recover such matters of account, takes effect. Presence by counsel and trial shows the defendant had the personal notice required by the statute.

Where the defendant, in the former suit, takes an appeal, and pays the amount of the judgment with interest the requisite number of days before the term of the county court to which such appeal is taken, and brings another suit to recover such matters of account, it is *held* that said statute denying costs still applies.

BOOK ACCOUNT. The case was commenced before a justice of the peace, and came to the county court on appeal of the defendant. An

auditor was appointed, who found for the plaintiff a balance of nine dollars and nineteen cents due him to balance books. The report then proceeds as follows : " I find in reference to account marked (B.) that the item of debt and credit therein was an account properly belonging to the firm of Brown & Scott, and therefore disallow the same. I further find, that on the 6th day of January, A. D. 1865, the said defendant prayed out a writ of attachment, in the usual form of book account actions, against the said plaintiff, demanding in damages the sum of two hundred dollars, returnable before Martin Mattison, a justice of the peace, on the 17th day of January, aforesaid, which was duly served on this plaintiff, and said cause was duly continued to the 10th day of February, A. D. 1865, at which time the defendant appeared by his counsel, and a trial was had before the said justice, and judgment rendered for the plaintiff, for the sum of one hundred and twenty-five dollars and twenty-six cents damages, and nine dollars and nineteen cents costs of suit ; that on said hearing and trial, the accounts hereto attached were not presented to be allowed in offset ; that the plaintiff in this suit appealed therefrom, and that during the pendency of the appeal, and before the same was entered in the county court, to which it had been taken on the 26th day of April, A. D. 1865, the said Olin Scott paid to the said Joseph Niles, 2d, one hundred and thirty-eight dollars and five cents, the same being the amount of said judgment and costs, with twelve per cent interest thereon, and took the receipt hereto annexed."

BENNINGTON, April 26th, 1865.

" Received of Olin Scott, the sum of one hundred and thirty-eight dollars and five cents, in full satisfaction and discharge of an account in my favor against him, amounting to one hundred and twenty-five dollars and twenty-six cents, and of the cost of a suit commenced to recover the same, before Martin Mattison, a justice of the peace, the costs are nine dollars and seventy-nine cents. Interest, three dollars.

JOSEPH NILES, 2D."

The county court, at the June Term, 1867, PIERPOINT, Ch. J., presiding, having rendered judgment for the plaintiff to recover, and for his costs on the report of the auditor, the defendant excepted to the judgment of the court allowing costs.

Scott *v.* Niles.

*A. B. Gardner,* for the defendant.

*G. W. Harmon,* for the plaintiff.

The opinion of the court was delivered by

BARRETT, J. I. As to the "*personal* notice of the suit," required by the statute neither the language, nor the purpose of the statute, requires the construction claimed by the plaintiff's counsel, viz: that the service of the writ should have been made by delivering a copy of it to the defendant in person. After the defendant in such writ shall have had "personal notice of the suit"—not personal service of the writ—the provision of the statute as to his neglect to present, in that suit, matters of account that he may then have against the plaintiff, takes effect. In the present case it appears that the writ in the other suit was duly served; that on the return day the cause was duly continued to a day named; that on that day the *then* defendant appeared by his counsel and had a trial, &c. This shows that he had the *personal* notice required by the statute.

II. As to the effect of the appeal. There had been a trial in which the present plaintiff might have presented, and had examined, and adjudicated, the account for which he brought the present suit. The present defendant's account was examined and a judgment rendered for him. This plaintiff appealed. It is claimed that said appeal, vacated that judgment, and left the parties precisely in the same relation as if there had been no trial, nor judgment. We do not so understand it. If an appeal should not be entered, nor a proceeding for affirmance had, such appeal would have the effect claimed. But it is not true that an appeal, in all cases, and to all intents, has such an effect on a judgment. For the purpose of *an affirmance* the judgment is not vacated by an appeal; nor is it for the purpose of enabling the judgment debtor to exercise the right to tender the amount with interest a certain number of days before the term of the county court to which such appeal was taken. In this case this plaintiff exercised that right, and paid the amount of that judgment and twelve per cent interest. There had, therefore, been the trial and adjudication contemplated by the statute, in which this

plaintiff might have presented his account against this defendant, and had it adjudicated.    He neglected to do so.    He paid the amount of that judgment and brought this suit.    We hold that thereby this case comes within the provision of the statute denying costs to the plaintiff in the cases named.

The judgment is reversed and judgment rendered for the plaintiff for the sum found due by the auditor, without costs.