FRANCIS B. HUTCHINS *v.* F. J. GEORGE AND TRUSTEE.

Special Term at Brattleboro, February, 1918.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed May 17, 1918.

*Judgments—Judicial Notice—Conclusiveness—Bill of Exceptions—Insufficient Statement of Questions Raised on Trial—Running Account—Single Cause of Action—Evidence—Offer.*

The judgment and proceedings in another case than that on trial, even between the same parties, will not, as a rule, be taken notice of by the court of its own motion.

Former judicial proceedings between the same parties in the same court prove themselves when offered in evidence, since a court takes judicial notice of the authenticity of its own records.

A request of a party that the court take notice of a former judgment between the same parties in the same court, and the specifications upon which the judgment was based, is in effect an offer of the proceedings in evidence, and where relevant and seasonably made, the matters are properly before the court for consideration.

A party is not precluded by a judgment against him by default from claiming, in a subsequent action brought by him against the plaintiff in the former suit, certain items of indebtedness which existed before the rendition of the default judgment, because it was his privilege either to place these items in offset in the first suit, or to make them the basis of a later one, although if the former suit had been book account, the matter of costs might be affected by the course taken.

Where the bill of exceptions states only what the excepting party claimed and how he treated certain items in dispute, and gives no further information of the evidence or offers of evidence in regard thereto, the ruling of the trial court will not be disturbed.

A claim under a running account of mutual dealings covering a considerable period of time is generally regarded as a single cause of action not to be split up by separate suits upon various items.

If a party relies upon an exception to a principle announced by the trial court, he should at least make a definite offer of evidence calculated to take his case out of the general rule; and where it does not appear by the bill of exceptions that such offer was made, the ruling of the trial court will not be disturbed.

ASSUMPSIT. Plea, the general issue, and set-off. Trial by the Montpelier City Court, *Erwin M. Harvey,* Judge. Judgment for plaintiff. Defendant excepted. The opinion states the case.

*William C. White* for plaintiff.

*F. J. Marshall* for defendant.

HASELTON, J. This is an action of contract in the form of general assumpsit brought before the City Court of Montpelier. The defences were the general issue, or denial, and set-off. Trial was by the court and judgment was rendered for the plaintiff to recover $22.82, as damages, and costs. The defendant brings a bill of exceptions.

The writ in this case was dated December 7, 1916. The defendant had previously brought an action in the form of general assumpsit against the plaintiff. That action had been returnable, to the court that tried this, November 13, 1916, and, the defendant there, the plaintiff here, not having appeared,

judgment in that action had been rendered on his default for damages $10.50 and costs. On the trial of this case a certified copy of the record of the former judgment was not offered by either party, but the files therein were at hand in the possession of the court; and at the request of the plaintiff, the court took notice of the former judgment and the items of the specification therein, and considered them in the determination of this case. To this action of the court the defendant excepted on the sole ground that a court has no right to take judicial notice of its own judgments. As a rule the judgment and proceedings in another case than that on trial, even between the same parties, will not be taken notice of by the court of its own motion. Otherwise matters might be considered that a party has no opportunity to meet and explain. 15 R. C. L. 1114. But when former judicial proceedings between the same parties in the same court are offered in evidence they prove themselves, since a court takes judicial notice of the authenticity of its own records, and where such former proceedings are relevant and are seasonably offered they are, without more, properly in the case. Here the request of the plaintiff, that the court take notice of the former judgment and the specification on which it was based, was in effect an offer, and nothing appears to indicate that it was not seasonably made, and no question of relevancy is raised. Therefore, so far as appears, the matters noticed by the court were properly before it for consideration. *State* v. *Shaw,* 73 Vt. 149, 160, 50 Atl. 863; *Armstrong* v. *Colby,* 47 Vt. 359, 361, 364.

Some or all of the items of the specification of the plaintiff in this suit (*Hutchins* v. *George*) were for indebtedness claimed to have accrued prior to the bringing of the former action (*George* v. *Hutchins*), in which Hutchins did not appear but suffered judgment to go against him by default. These items were considered by the court, against objection and exception on the ground that Hutchins was precluded as to such items by the judgment against him in the suit in which he suffered default, the respective claims of the parties being such that in that suit Hutchins might have declared in offset on the claim for which he now brings suit. But, under our statute, it was not obligatory upon him to do so. He could fail to exercise his privilege in that regard without prejudice to his own claim in a suit brought by him. P. S. 1507 (G. L. 1806); *Kezar* v. *Elkins,* 52 Vt.

119, 120-121; *Davenport* v. *Hubbard,* 46 Vt. 200, 206, 14 Am. Rep. 620; *Carver* v. *Adams,* 38 Vt. 500.

We note that had the former action been book account the matter of costs might have been affected by the course taken. P. S. 2034 (G. L. 2312); *Scott* v. *Niles,* 40 Vt. 573.

In this action the defendant George, under his plea in offset already mentioned, filed a specification in which he included items of account that had accrued before the bringing by him of his action against Hutchins. The court took into consideration such items so far as they went in payment of the plaintiff's charges.

Other items the defendant ''claimed'' were omitted from his specification in the former action by mistake, and still others ''were treated by him'' as in offset to items of the plaintiff's specification. Except as above stated the court excluded from consideration the defendant's items in offset, ruling that, as matter of law, the defendant was precluded as to them. To this ruling the defendant excepted. We have no transcript of the case, and we assume, in support of the ruling, that it was based upon such showing or lack of showing or upon such offer or lack of offer of evidence as the case presented. But the bill of exceptions gives us no information in that regard. It informs us only what the defendant claimed and how he treated or regarded the items.

It appears that here were mutual dealings and a running account covering a considerable period of time. One's claim under such an account is, in general, regarded as a single cause of action not to be split up by one suit upon this item, another upon that, and still other suits upon still other items, the suits running on indefinitely according to the course of the mutual dealings back to the beginning of the account. 1 R. C. L. 356, 357.

If the defendant relied upon any exception to the principle announced by the court, he should, at least, have made a definite offer of evidence calculated to take his claim as to the items in question out of the general rule. It does not appear that any such offer was made. On the bill of exceptions brought by the defendant no sufficient reason is shown for disturbing the judgment against him, and accordingly it is,

*Affirmed.*