## Rosalie Condosta v. Guido Condosta

[359 A.2d 658]

No. 286-75

Present: **Barney, C.J., Smith, Daley, Larrow and Billings, JJ.**

Opinion Filed June 1, 1976

*Robert Grussing III*, Brattleboro, for Plaintiff.

*Michael H. Lipson* and *John P. Wesley*, Vermont Legal Aid, Inc., Burlington, for Defendant.

**Smith, J.** Plaintiff-appellee in this action filed a complaint for divorce in Windham Superior Court. Subsequently, appellee filed a motion for temporary hearing to request the court to enjoin appellant, her husband, from entering premises owned by her in Guilford, Vermont. Hearing was held on the motion following which the court ordered appellant enjoined from interfering with appellee's personal liberty and further ordered appellant to pay appellee $25.00 a week in alimony plus $100.00 for counsel fees. Thereafter, appellant, pro se, made a variety of requests and motions to the court relating to its temporary order. Appellee, contending that appellant had not complied with the court's order, filed a petition for contempt.

Proceedings were held on appellee's petition and several motions made by the parties. Appellant acted pro se at the hearing. At that time appellant sought to show that his sole income was social security benefits of $155.10 a month and was thus financially unable to adhere to the temporary order. The lower court, however, adjudged appellant to be in willful contempt of the order and ordered that he pay appellee $450.00 in arrearages and $100.00 in attorney's fees within fifteen days or be committed to Woodstock Community Correctional Center for thirty days. Upon appellant's failure to purge himself, mittimus issued. Appellant served some eight days in the correctional center until this Court issued its order staying execution. Appellant now appeals the order of contempt and mittimus issued below.

Two issues are presented by this appeal: (1) Whether the court erred in finding appellant in contempt and ordering him incarcerated without first making findings as to his ability to comply with the court's order; and (2) Whether the trial court's order subjected appellant's social security benefits to

"legal process" in contravention of 42 U.S.C. § 407 and 42 U.S.C. § 1383.

Although the factual context in which it arises is somewhat different, the first issue is to be governed by our recent ruling in *Spabile* v. *Hunt,* 134 Vt. 332, 360 A.2d 51 (1976). There we determined that findings as to ability to comply with the court's order are necessary before defendant could be found in contempt. That ruling applies as well to the case at hand.

Because of the answer to the first issue presented, we do not reach the second issue.

*The order and mittimus of the Windham Superior Court are vacated, and the cause remanded for further determinations in accord with the views expressed herein.*