## Guido Condosta v. Rosalie Condosta

[431 A.2d 494]

No. 294-80

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed June 2, 1981

*Guido Condosta,* pro se, Bernardston, Massachusetts, Plaintiff.

*Robert Grussing, III,* Brattleboro, for Defendant.

**Per Curiam.** This action is an aftermath of the divorce action between the parties (there reversed) reported at 136 Vt. 360, 395 A.2d 345 (1978), *appeal dismissed,* 440 U.S. 902 (1979). By his complaint in the present action the plaintiff sought to rescind that portion of the divorce order which awarded the home premises of the parties in Guilford, Vermont, to his wife, free and clear of his marital rights. In substance, he claimed statutory and constitutional entitlement to a $5,000.00 homestead right. In the alternative to rescission, he sought an award in that amount. The trial court, on defendant's motion, dismissed the complaint for failure to state a cause of action, and plaintiff appeals.

In his brief, plaintiff seeks to raise again his claim of prejudice by the trial court which heard the original divorce, and a further claim of misconduct (or worse) by this Court in the disposition of that appeal. The first claim was clearly disposed of by the original opinion. See *Condosta v. Condosta,* 136 Vt. 360, 362–63, 395 A.2d 345, 347 (1978). The second is at best a motion for reargument, filed out of time and in the wrong court. V.R.A.P. 40. He further assigns reversible error to a claimed erroneous citation of legal authorities by counsel below. The contention is unique, but unsupported by authority or reasoning. If incorrect authorities are relied upon by the trial court, reversal on appeal may result, but such accuracy is not demanded of counsel's argument.

The final ground of error assigned by plaintiff in his original brief relates to the manner of the court's decision on the motion to dismiss. He urged below, and urges here, that if the trial court were to consider matters outside the pleadings in deciding the motion, he was entitled to have the motion treated as one for summary judgment, and to be accorded reasonable time to present pertinent and material matters, under V.R.C.P. 12(c) and 56. Those rules do so provide. Plaintiff alleged in his complaint that there had never

been any hearing adjudicating his claimed homestead right, and to this defendant pleaded res judicata as an affirmative defense. V.R.C.P. 8(c). The pleadings and prior judgments involved in this plea were not put into evidence, and came before the court only by judicial notice, first referred to in the court's decision of dismissal. This does not meet the test we have laid down. The judgment and proceedings in a case other than that on trial, even between the same parties, is not to be taken notice of by the court of its own motion. *Hutchins v. George,* 92 Vt. 371, 373, 104 A. 108, 109 (1918). Otherwise matters might be considered that a party has no opportunity to meet and explain. *Id.* A request to take such notice, or an offer of proof, is needed. Indeed, during hearing, the court ruled that testimony was required. Neither course was followed here, and reversal must result. It is difficult to see how plaintiff can eventually prevail, as his underlying theory seems to be that he has a vested right in his wife's real estate, despite the finality of his divorce, rather than an inchoate one dissolved by the final decree. But he is entitled to have a presentation of all the relevant facts, either by summary judgment procedure or trial, and to have the merits of his claim adjudicated on those facts. Improper judicial notice of another case between the parties cannot substitute for that procedure. His complaint, albeit inartistic, alleges a cause of action, and the affirmative defense, however cogent, was not properly established.

■■ Another issue, first raised here by appellant in his "Reply Brief," is not properly before this Court. He claimed below that the presiding judge, a retired justice of this Court specially assigned, was disqualified because of the mandatory retirement age prescribed in the Vermont Constitution, Ch. II, § 35. It is neither the purpose nor within the proper scope of a reply brief under V.R.A.P. 28(c) to raise new issues not briefed in either appellant's original brief or in appellee's brief. We note, however, that this same section which provides for mandatory retirement also provides for appointment of retired justices and judges to special assignments, from time to time, by the Chief Justice under rules established by this Court. The total disqualification urged by appellant is not consistent with that provision.

*Reversed and remanded.*

Justice Underwood, although present for argument, took no part in the disposition of this case.