Suzanne Steele v. Thomas Steele, Sr.

[453 A.2d 400]

No. 422-81

Present: **Barney, C.J., Billings, Hill, Underwood and Peck, JJ.**

Opinion Filed October 28, 1982

*Theodore Corsones* and *Stephen Cosgrove* of *Corsones & Hansen,* Rutland, for Plaintiff-Appellee.

*Robert S. Burke* of *Richard E. Davis Associates, Inc.,* Barre, for Defendant-Appellant.

**Underwood, J.** The defendant appeals an order of the Rutland Superior Court finding him in wilful contempt for his failure to comply with the provisions of a divorce decree. The original divorce decree, issued on April 6, 1981, and based upon a stipulation of the parties, required the defendant "to pay and to hold the plaintiff harmless in connection with" a variety of obligations. Among them was a $7,000 debt to the Proctor Trust Company. As a consequence of the defendant's failure to pay this debt, foreclosure proceedings were initiated by the bank against plaintiff's home.

In the proceedings below, defendant sought to show that he was financially unable to pay the $7,000 debt and thus was not in contempt of the 1981 decree. He testified that he had made attempts to arrange payment for the debt but was thwarted by Proctor Trust Company's refusal to accept anything but full payment of the $7,000. He further stated that he had a taxable income of $9,000 a year, could afford no more than $137 monthly on the debt, and had no available cash, stock, or other property which could be liquidated in order to satisfy the debt. Despite this testimony, the superior court adjudged the defendant to be in wilful contempt of the di-

vorce decree. For the following reasons we vacate the court's order.

■ To declare a defendant in contempt, where the question of his financial ability to comply with a court order is raised and argued, as it was here, the findings of the court must establish more than mere noncompliance with the order. Rather, the court must find from the evidence " 'that [the] defendant not only refused to pay but also that he was under a present duty to pay *and* had the ability to make the ordered payments.' " *Spabile* v. *Hunt,* 134 Vt. 332, 335, 360 A.2d 51, 53 (1976) (quoting *Marshall* v. *Marshall,* 536 P.2d 845, 848 (Colo. Ct. App. 1975)). See also *Condosta* v. *Condosta,* 134 Vt. 381, 383, 359 A.2d 658, 659 (1976).

In the instant case, the findings which bear on the defendant's present financial circumstances establish only the following:

> Finding No. 3. At the time of the Court's Final Order [filed April 8, 1981] the defendant was employed in the same manner, and making the same wages, as he is at the time of the hearing. Since April 8, 1981 to the present time, there has been no change of circumstances regarding the defendant's financial conditions.
> Finding No. 7. The defendant, although financially able, has failed to comply with the Court's Order dated April 8, 1981 in that he has failed to pay the Proctor Trust Company obligation as set forth in paragraph 8 of said Order.

These findings are clearly deficient. Finding No. 7 is nothing more than a conclusion of law. Although we will not interfere with a lower court's conclusions of law where the findings are sufficient to support them, *Emmons* v. *Emmons,* 141 Vt. 508, 511, 450 A.2d 1113, 1115 (1982), here there is no such support. As for Finding No. 3, we note that the court's focus on the lack of changed circumstances indicates that it may have applied the wrong standard to this proceeding. Whether there has been a material change of circumstances of either one or both of the parties is germane where the court is considering a petition for modification of one of its previous orders, *Grant* v. *Grant,* 136 Vt. 9, 12, 383 A.2d 627, 629

(1978), but has no bearing on the issue of whether a defendant is in contempt of a court order. Specifically, the court's finding of a lack of changed circumstances in the instant case offers no support for its conclusion that the defendant was financially able to comply with the divorce decree.

"Where, as here, the question of present ability has not been adequately dealt with by the court in its findings, the case should be remanded so that the issue may be given due consideration." *Spabile* v. *Hunt, supra,* 134 Vt. at 336, 360 A.2d at 53. Accordingly, the order of the Rutland Superior Court must be vacated and the cause remanded.

*Reversed and remanded.*