### Guido Condosta v. Rosalie Condosta

[453 A.2d 1128]

No. 539-81

Present: Barney, C.J., Billings, Hill and Peck, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed November 2, 1982

Motion for Reargument Denied November 30, 1982

*Guido Condosta,* pro se, Brattleboro, Plaintiff-Appellant.

*Frederick W. Houston,* Brattleboro, for Defendant-Appellee.

**Peck, J.** Appeal by plaintiff from an order of Windham Superior Court granting defendant's motion for summary judgment and the subsequent denial of plaintiff's motion to vacate the order. We affirm.

This case is the fourth attempt by plaintiff to obtain various forms of relief from what he apparently conceives to be injustices growing out of divorce proceedings between the parties. Defendant here was the plaintiff in the original action. *Condosta* v. *Condosta,* 136 Vt. 360, 395 A.2d 345 (1978). See also *Condosta* v. *Condosta,* 136 Vt. 630, 388 A.2d 33 (1978) (mem.); *Condosta* v. *Condosta,* 139 Vt. 545, 431 A.2d 494 (1981); *Condosta* v. *Condosta,* 440 U.S. 902 (1979) (an attempted appeal to the United States Supreme Court, dismissed for lack of a federal question). Except for the original divorce action in the Windham Superior Court, plaintiff here, Guido Condosta, instituted the actions, and has represented himself in all of the proceedings to date.

The issues presented for our consideration by this appeal, as we understand them from plaintiff's submittals, are the following two. First, whether defendant's contention that plaintiff's claim to homestead rights was res judicata is cor-

rect, thus justifying the trial court in granting summary judgment. Second, and, as a practical matter, included within the scope of the first issue, whether a divorce decree dissolves a homestead right as a matter of law.

Addressing the first issue, plaintiff's argument appears to be that the trial court cannot take judicial notice of the original proceedings to determine res judicata, but must necessarily relitigate the same issues tried out in the earlier case, together with any new factual questions he sees fit to raise. He believes, apparently, that this is the substance of our holding in remanding the matter after his appeal in the second case. *Condosta* v. *Condosta, supra,* 139 Vt. 545, 431 A.2d 494. If this is so, he misunderstands the opinion.

In that case, plaintiff sought rescission of that part of the divorce order which awarded the home premises to his former wife free and clear of his marital rights. In reaching its decision granting a motion to dismiss, the court, *on its own motion,* took judicial notice of the prior pleadings and judgment. This, we held, was error:

> The judgment and proceedings in a case other than that on trial, even between the same parties, is not to be taken notice of by the court of its own motion. *Hutchins* v. *George,* 92 Vt. 371, 373, 104 A. 108, 109 (1918). Otherwise matters might be considered that a party had no opportunity to meet and explain. *Id.* A request to take such notice . . . is needed.

*Id.* at 547, 431 A.2d at 495.

On remand, however, the same error was not repeated. Defendant set up the affirmative defense of res judicata and filed a motion for summary judgment in which she requested the court to take judicial notice of the findings and order in the divorce case, and the decisions of this Court and the United States Supreme Court. Clearly the court did so and granted summary judgment, concluding "that as a matter of law any homestead right which Plaintiff may have had in the Guilford premises was disposed of by the final Order in [the original divorce action]." Whatever burden of proof defendant may have incurred in setting up her affirmative defense was satisfied through her request for judicial notice, assuming of

course, as in fact we hold, that the "noticed" proceedings were adequate to support the motion for summary judgment.

██ Plaintiff contends further that the issue of his homestead rights is not yet res judicata because the order in the divorce case is not final. Accordingly, he would have us hold, the trial court erred in granting summary judgment based on that order. This claim in turn is based on an assertion in an affidavit filed following the remand that litigation is pending in the federal court (apparently some kind of an appeal to the Second Circuit Court of Appeals) relating, so he says, "to finality of the divorce action." This is a naked assertion. The question of law involved in finality is not briefed; no information is given anywhere as to whether the alleged federal litigation is a collateral attack on the divorce judgment, or what court's judgment is being appealed, who are the parties, no copies of the pleadings are furnished. In short, his briefing and presentation of a record upon which we can act on the issue is wholly inadequate. The burden is on the plaintiff to produce a record which supports his position on the issues raised on appeal. *Harrington* v. *Decker*, 134 Vt. 259, 261, 356 A.2d 511, 512 (1976). As far as anything in the record here shows, the judgment in the divorce proceeding is final.

The second issue raised by plaintiff appears to propose the theory that he has a vested or "homestead" right in real estate standing in the name of his former wife, which cannot be taken from him without compensation. He contends further that this issue has never been litigated and, presumably therefore, is not affected by the original judgment order, and secondly, that these rights cannot be taken from him without compensation.

We disagree with plaintiff's argument. In support of his position he relies on an 1888 case decided by this Court. In fact, however, that case holds a full one hundred and eighty degrees contrary to what plaintiff claims for it. Ross, J., writing for the Court, said:

> The object and purpose of the statute in creating the homestead have been fully accomplished so far as the wife and minor children are interested therein, when they legally cease forever thereafter to be a part of the family . . . . *By the divorce the defendant lost the incohate* [sic]

*right to a homestead in the premises . . .* for she could not thereafter, without remarriage, become the *widow* of the mortgagor [former husband], which relation she must sustain, to have the homestead descend to, and become perfected in her, upon his decease.

*Heaton* v. *Sawyer,* 60 Vt. 495, 499–501, 15 A. 166, 168–69 (1888) (emphasis of "widow" appears in the cited case; remaining emphasis added).

■ The law was at the time of *Heaton,* and is now, that absent some special provision therein, the final judgment in a divorce proceeding terminates a homestead right.

■ Plaintiff cites language in *Heaton* which reads: "By the decree she was given $1,000 in lieu of the rights already acquired in his estate . . . ." *Id.* at 500, 15 A. at 169. This is far removed from a holding that due process or other constitutional concerns compelled this award as compensation for a mere inchoate right. It is not at all clear in fact that the Court was referring exclusively to the homestead right which the defendant in *Heaton* had while the marriage lasted, which, contrary to plaintiff's contention, does not become a vested right unless and until the party claiming it survives as the widow or widower. As *Heaton* points out, this potential ends when the parties are divorced. *Id.*

It is difficult to understand how a right that had not yet ripened was subject to valuation; we will assume arguendo, however, that it was. Nevertheless, it was no more than "property" like any other property held jointly or separately by the parties, and, consequently subject to distribution as the court, in the exercise of its discretion, saw fit. The mere fact that the court placed a value on the right and awarded its monetary equivalent to the wife is not significant. In theory at least, the court might have awarded *all* of the property to the defendant, or nothing at all for that matter, as long as the award was reasonable under the facts, and not an abuse of the court's broad discretion. *Field* v. *Field,* 139 Vt. 242, 244, 427 A.2d 350, 352 (1981).

■ It is a novel concept which we cannot accept, that the individual holdings of marital partners, be they tangible or intangible, vested or inchoate, must be the subject of separate

compensation as a matter of some constitutional right. Property held separately by one marital partner, such as real property, bank accounts, securities, and the like, are frequently awarded to the other party by judgments in divorce proceedings. There is no requirement in any law brought to our attention which mandates that compensation must be paid to the former owner before title is vested in the judgment beneficiary of a divorce order. Indeed, any such requirement would render meaningless the court's power to distribute the marital assets in whatever manner it finds just and equitable, regardless of the prior owner. 15 V.S.A. § 751.

■■ We cannot agree that the issue has not been litigated. Paragraph 2 of the court's divorce order relating to the subject premises, reads: "The home premises of the parties in Guilford, Vermont is awarded to the Plaintiff free and clear of any marital right on the part of the Defendant." The property was in the name of defendant Rosalie Condosta. Whatever homestead rights plaintiff may have had, inchoate or otherwise, came into existence by reason of the marriage; it was, therefore, a marital right. As we hold above, divorce terminates homestead rights in any event unless the order makes some other specific provision, *Heaton* v. *Sawyer, supra*. Nevertheless, the court here took express cognizance of *all* marital rights of the defendant [plaintiff here] and awarded the property to the plaintiff [defendant here], *free and clear* of such rights. Thus, the issue of whatever homestead rights plaintiff may have had was subject to, and disposed of, by the trial court.

■ Finally, plaintiff's initial pleadings raised only the question of his homestead rights. In the affidavit filed following the remand, referred to above, he tried to raise for the third time his claim of prejudice by the trial court, asserting the issue had never been ruled on. As we pointed out in the 1981 decision, however, it is our view that the issue had in fact been resolved. See *Condosta* v. *Condosta, supra*, 139 Vt. at 546, 431 A.2d at 495. In any event, without at least a motion to amend his pleadings, the attempt to resurrect this issue again came too late.

*Judgment affirmed.*