# Guido Condosta v. Robert Grussing, William M. McCarty & Rosalie Condosta

[479 A.2d 149]

No. 83-212

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed June 8, 1984

*Guido Condosta,* pro se, Brattleboro, Plaintiff-Appellant.

*Richard A. Hull* and *Frank H. Zetelski* of *Dick, Hackel & Hull,* Rutland, for Defendant-Appellee Grussing.

*Anthony B. Lamb* and *Jane H. Marter* of *Paul, Frank & Collins, Inc.,* Burlington, for Defendant-Appellee McCarty.

**Billings, C.J.** Plaintiff Condosta appeals from an order of the Windham Superior Court granting defendants' motions

to dismiss his complaint on the ground that the complaint failed to state a cause of action upon which relief could be granted. V.R.C.P. 12(b)(6). This is the eighth time the plaintiff has appeared before this Court pursuing appeals on matters stemming from an original divorce action between him and defendant Rosalie Condosta. *Condosta v. Condosta,* 142 Vt. 117, 453 A.2d 1128 (1982); *Condosta v. Condosta,* 139 Vt. 545, 431 A.2d 494 (1981); *Condosta v. Condosta,* 138 Vt. 193, 413 A.2d 805 (1980); *Condosta v. Condosta,* 137 Vt. 35, 401 A.2d 897 (1979); *Condosta v. Condosta,* 136 Vt. 630, 388 A.2d 33 (1978) (mem.); *Condosta v. Condosta,* 136 Vt. 360, 395 A.2d 345 (1978); *Condosta v. Condosta,* 134 Vt. 381, 359 A.2d 658 (1976); see *Condosta v. Condosta,* 440 U.S. 902 (1979) (mem.).

The plaintiff and defendant Condosta were divorced in 1978. Following this Court's affirmance of the divorce judgment, *Condosta v. Condosta, supra,* 136 Vt. 360, 395 A.2d 345, defendant Grussing, through his attorney, defendant McCarty, petitioned for a contempt petition against the plaintiff to enforce the payment of attorney's fees pursuant to the terms of the divorce decree. 15 V.S.A. § 761. The petition was dismissed by the trial court without prejudice pending the disposition of the plaintiff's appeal of the divorce judgment to the United States Supreme Court. The Supreme Court denied certiorari. 440 U.S. at 902.

In 1981 the plaintiff brought the complaint involved here, claiming damages against the defendants for the alleged violation of his rights under both the Vermont Constitution ch. I, art. 4, and 42 U.S.C. § 1983 (1976). The court dismissed the complaint, on motions filed by defendant McCarty, on the ground that the plaintiff had failed to allege sufficient facts to demonstrate a § 1983 injury. The plaintiff then sought and was granted leave to file an amended complaint; the amended complaint deleted all allegations of a § 1983 injury, retained his claim under the Vermont Constitution, and added a claim of malicious prosecution. The plaintiff also sought to reinstate defendant McCarty. The court dismissed the plaintiff's amended complaint, on motion of defendant Grussing, for failure to state a cause of action. The plaintiff then filed a motion for default on the ground that none of the defendants had an-

swered his amended complaint. In response, defendant Condosta filed a motion to dismiss.

In its conclusions of law, the court ruled that none of the defendants were required to answer to the plaintiff's amended complaint since it alleged the same facts as were alleged in the plaintiff's original complaint. The court also ruled that there were "simply no grounds anywhere for this case against the defendants." The court then granted all motions to dismiss filed by the defendants, and denied the plaintiff's motion for default.

The plaintiff now appeals claiming: (1) that his original complaint stated a cause of action under 42 U.S.C. § 1983; (2) that his amended complaint stated a cause of action for malicious prosecution; and (3) that it was error for the trial court to make findings of fact in its ruling on defendant Condosta's motion to dismiss.

In order to maintain a cause of action under 42 U.S.C § 1983, the plaintiff must show a "deprivation of a federal right" by "a person who may fairly be said to be a state actor." *Lugar* v. *Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). The conduct alleged to be responsible for the deprivation of the federal right "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Id.* at 937. In the case at bar, the conduct complained of satisfied the requirement that the deprivation be caused by the exercise of a right or privilege created by the state; the statutes of Vermont granted the defendants the right to institute contempt proceedings in divorce cases when a party has failed to comply with a final order granting attorney's fees. 15 V.S.A. § 761 (repealed 1981, No. 247 (Adj. Sess.), § 18). The plaintiff did not allege, however, nor could he, that the defendants were state actors. To be a state actor, the party against whom a § 1983 action is brought must be a state official, a person who has acted together with or has been significantly aided by a state official, or a person whose conduct "is otherwise chargeable to the State." *Lugar* v. *Edmondson Oil Co.*, *supra*, 457 U.S. at 937. Here, the defendants, as private parties, petitioned the court for a contempt citation against the plaintiff; a private party does not

evolve into a state actor merely by resorting to the courts to pursue a cause of action. *Dennis* v. *Sparks*, 449 U.S. 24, 28 (1980). Nor do the defendants, Grussing and McCarty, as attorneys, and therefore officers of the Court, become state actors under color of state law within the meaning of § 1983. *Polk County* v. *Dodson*, 454 U.S. 312, 318 (1981). The court correctly dismissed the plaintiff's original complaint because he failed to allege or show that the defendants were state actors.

The plaintiff next claims that his amended complaint stated a cause of action for malicious prosecution. To state a claim for malicious prosecution the plaintiff must allege facts demonstrating that the prosecution was with malice, without probable cause, and caused damage to the plaintiff. *Levinsky* v. *Diamond*, 140 Vt. 595, 599–600, 442 A.2d 1277, 1280 (1982). Although the element of malice can be inferred from a showing of lack of probable cause, both malice and the want of probable cause are independent facts necessary to the cause of action. *Ryan* v. *Orient Insurance Co.*, 96 Vt. 291, 296, 119 A. 423 (1923). The plaintiff in the instant case failed to allege facts in his amended complaint necessary to show the existence of malice. On the element of probable cause, the plaintiff claimed that at the time the defendants instituted their petition for a contempt citation, he had a stay of the divorce judgment order. The record, however, does not substantiate his claim. The plaintiff filed a motion for a stay from this Court, pending his appeal to the United States Supreme Court, but this was denied on October 31, 1978. Under Rule 44 of the rules of the United States Supreme Court, a party must petition a Justice of that Court for a stay of the judgment pending review in the Supreme Court. Sup. Ct. R. 44. At the hearing on his motion for a default judgment, the plaintiff admitted he had never applied to a Justice of the Supreme Court for a stay. Accordingly, the dismissal of his amended complaint was without error.

Finally, the plaintiff claims that the court erred in making findings of fact on defendant Condosta's V.R.C.P. 12(b)(6) motion to dismiss. In the alternative, he claims that by making findings, the court treated the motion to dismiss as a motion for summary judgment, and, pursuant to V.R.C.P.

56, he was entitled to a hearing or an opportunity to file opposing affidavits.

Under V.R.C.P. 52(a), findings of fact and conclusions of law are unnecessary on a decision of a V.R.C.P. 12(b) motion to dismiss. The trial court may make them, however, on its own initiative, especially if it aids the trial court in giving a clearer statement of the theory of its decision, and aids this Court in its review of that decision. *Fisher v. Poole*, 142 Vt. 162, 170, 453 A.2d 408, 413 (1982). The plaintiff's alternative claim is without merit. A review of the record clearly reveals that the court did not go beyond the record in making its findings of fact. When the court does not consider "matters outside the pleadings," a motion to dismiss does not convert into a motion for summary judgment. V.R.C.P. 12(b), (c).

The court's dismissal of the cause of action here, as to all the defendants, is without error.

*Affirmed.*