Michael TVERAAS, Plaintiff,

v.

Donald COFFEY and Gordon Marcelle, in their individual capacities, and Timothy Van Zandt, Commissioner, Vermont Department of Fish and Wildlife, in his official capacity, Defendants.

File No. 2:91–CV–260.

United States District Court,
D. Vermont.

March 5, 1993.

---

David S. Putter, Saxer, Anderson, Wolinsky & Sunshine, Burlington, VT, for plaintiff.

Ritchie E. Berger, Dinse, Erdmann & Clapp, Burlington, VT, for defendant Coffey.

Oreste V. Valsangiacomo, Jr., Valsangiacomo, Detora & McQuesten, Barre, VT, for defendant Marcelle.

Robert W. Gagnon, Asst. Atty. Gen., Vermont Atty. General's Office, Montpelier, VT, for defendant Van Zandt.

## OPINION AND ORDER

PARKER, Chief Judge.

Plaintiff, Michael Tveraas, has sued defendant, Donald Coffey, among others, in his individual capacity under 42 U.S.C. § 1983. He alleges first a violation of his right to due process by the initiation and prolongation of a malicious prosecution. Second, he claims that the defendant's seizure and detention of four fisher cat pelts in relation to this prosecution was unreasonable. This action was filed on September 24, 1991. Earlier that year, the State dismissed the Vermont State Fish and Game case which had been initiated by the defendant, a state game warden, against the plaintiff. On July 2, 1992, the defendant filed a motion for summary judgment claiming entitlement to immunity from suit under the doctrine of qualified immunity. Alternatively, defendant argued that the plaintiff has failed to establish all of the elements of a claim of malicious prosecution and thus summary judgment is warranted.

On November 4, 1992, Magistrate Judge Jerome J. Niedermeier issued a Report and Recommendation in this matter, recommending that this Court deny the defendant's motion. Timely objections to the Report and Recommendation were filed, and the defendant requested *de novo* review pursuant to 28 U.S.C. § 636(b)(1).[1]

In his Objections, the defendant argues that Magistrate Judge Niedermeier erroneously concluded the summary judgment was not warranted in this instance because he relied upon inadmissible evidence in reaching that conclusion. The defendant has three principal objections: (1) the Magistrate Judge should not have relied upon the notes of a state official who was involved in an internal investigation of the actions which serve as the basis of this lawsuit; (2) the documents generated by the State's internal investigation would be inadmissible at trial and thus should not have been considered by the Magistrate Judge when he decided the summary judgment motion; and (3) the Magistrate Judge's findings of fact improperly included references to the internal investigation as the investigation is irrelevant to the plaintiff's claims and the defendant's affirmative defense of qualified immunity.[2]

This Court agrees that some of the documents submitted in support of the plaintiff's opposition to summary judgment might not be admissible at trial, at least not without proper authentication. Nonetheless, the record contains sufficient admissible evidence which fully supports Magistrate Judge Niedermeier's recommendation to deny summary judgment. For the reasons stated below, I adopt Magistrate Judge Niedermeier's finding that the defendant has not shown that there is no material issue of fact concerning the issue of qualified immunity. Furthermore, the claims for both unreasonable seizure and malicious prosecution are amply supported at this juncture. Since plaintiff has pointed to material factual disputes which create issues for trial, I also adopt the Magistrate Judge's recommendation that this

---

1. Section 636(b)(1) requires that this Court make a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate." *Id.*

2. The Court notes that the defendant has requested an oral hearing on these arguments. However, the issues here have been well briefed; no oral arguments are required. *See* Local Rule 5(A)(IV); Local Rule for U.S. Magistrates 1(D)(II).

defendant's motion for summary judgment be denied.

## I. FACTUAL BACKGROUND

The Court adopts a substantial portion of the factual recitation in the Report and Recommendation submitted by Magistrate Judge Niedermeier. (*See* Paper 47 at 1–4). It is amended as follows: (1) the finding in the last sentence of paragraph five referring to lost *pelts* is changed from "*pelts* had been lost from the storage freezer" to "*carcasses* had been lost from the storage freezer" (Paper 47 at 3); and (2) the final paragraph in the factual recitation is deleted (Paper 47 at 4). As explained below, this deleted portion of the factual background in the Magistrate Judge's report contains references to evidentiary materials which are not properly before the Court for purposes of summary judgment.

## II. STANDARD FOR SUMMARY JUDGMENT

The Magistrate Judge's discussion of the standard for summary judgment is adopted *in toto*. (*See* Paper 47 at 4–5). However, responding to defendant's objections regarding the admissibility of the exhibits offered by the plaintiff, further discussion of the requirements of Rule 56(e) is necessary. Rule 56(e) provides, in pertinent part,

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.

Fed.R.Civ.P. 56(e). As the Advisory Committee Notes to the rule suggest, the purpose of summary judgment is to "pierce the pleadings and to assess the proof" to determine whether there is a genuine need for trial. *Id.* 1963 advisory committee's note; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

The permissible forms of proof, other than affidavits, are those listed in Rule 56(c): depositions, answers to interrogatories, and admissions. Fed.R.Civ.P. 56(c) and (e). If presented by a nonmoving party to oppose summary judgment, this evidence need not be in a form admissible at trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553.

In the instant case, Defendant Coffey argues that the plaintiff's evidence, which consists of much more than these several types of discovery responses, is insufficient to overcome defendant's motion and exhibits in support of summary judgment. He contends that plaintiff's proof is insufficient because most of the exhibits attached to plaintiff's opposing motion would be inadmissible at trial in the form in which they have been presented here. Specifically, he notes a lack of authentication and personal knowledge regarding some exhibits, and the existence of hearsay and impermissible opinions throughout almost all of the challenged documents. The numerous challenged documents relate to the internal investigation initiated by the Department of Fish and Wildlife in response to a complaint filed with the agency by the plaintiff in this case.

With regard to the handwritten notes, which have been referred to as Major Whitcomb's notes from an interview during the internal investigation, the Court agrees with the defendant that those notes as presented in the record bear no indicia of reliability. Any admissions gleaned from these notes must be disregarded for the purpose of deciding a motion for summary judgment.

■ On the other hand, objections to the official documents from the internal investigation on the basis of hearsay are inconsequential. Defendant has admitted that an internal investigation occurred. (Paper 15 at ¶¶ 98 and 102) Federal Rule of Evidence 803(8)(C) creates an exception to the hearsay rules for statements, *in any form*, of public offices or agencies, which set forth "factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of truthworthiness." Fed.R.Evid. 803(8)(C). The official letter of

reprimand written to the defendant at the close of the agency's internal investigation, which includes statements of both fact and opinion, thus qualifies as a hearsay exception under Rule 803(8)(C). *Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 170, 109 S.Ct. 439, 450, 102 L.Ed.2d 445 (1988).

Finally, regarding defendant's objection to the internal investigation documents based on relevancy issues, the Court finds the factual findings and opinions in the internal investigation documents are directly relevant to the integrity and reasonableness of the defendant's actions, which is the central question in this lawsuit. Nonetheless, the documents as presented lack authentication and thus have not been considered for our purposes at this juncture.

Having removed all of the exhibits to which defendant has objected, plaintiff's proof is comprised of five key items: (1) the Affidavit of Richard Becker (the "Becker Affidavit"); (2) excerpts from the deposition of James Distephano; (3) excerpts from the deposition of James A. Hughes; (4) excerpts from the plaintiff's deposition; and (5) a copy of the State's Notice of Dismissal. (*See* Paper 45, Exhibits A, R, S, U and X). These documents alone are sufficient to convince this Court that with regard to whether a qualified immunity applies in this case, genuine issues of material fact and credibility remain unresolved. To determine whether material facts remain in dispute, "it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

## III. QUALIFIED IMMUNITY

■ The doctrine of qualified immunity provides immunity from civil suits to government officials performing discretionary functions. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1981). To establish entitlement to such protection, a defendant must show that he has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known. *Id.* In a case such as this one, where the plaintiff has challenged the defendant's finding of probable cause, the defendant's seizure of the pelts must have been *objectively reasonable* in light of his understanding of established law and the information he possessed. *Id.* That is, he must show that *a reasonable officer would have believed the seizure to be lawful in light of clearly established law and the information the defendant possessed. Hunter v. Bryant,* — U.S. —, —, 112 S.Ct. 534, 536, 116 L.Ed.2d 589 (1991) (emphasis added). Whether the seizure in this case could reasonably be believed to be lawful turns on a determination that the defendant reasonably believed there was probable cause. Reasonable errors or mistaken judgments regarding the existence of probable cause will not preclude summary judgment. *Id.* at —, 112 S.Ct. at 537.

Probable cause exists if, at the time the seizure was made, the facts and circumstances within the knowledge of the defendant, and of which he had reasonably trustworthy information, were sufficient to warrant a prudent man in believing that the plaintiff had violated the law. *Id.* at —, 112 S.Ct. at 537. As the magistrate judge has pointed out, however, this is precisely what remains in dispute. To prevail on a motion for summary judgment, the record must reveal that there is no factual dispute on reasonableness of the defendant's actions; the defendant must adduce sufficient proof that no reasonable jury, viewing the facts and inferences in the light most favorable to the plaintiff, could find that the defendant's actions were unreasonable. *Golino v. City of New Haven,* 950 F.2d 864, 870 (2nd Cir. 1991), *cert. denied,* — U.S. —, 112 S.Ct. 3032, 120 L.Ed.2d 902 (1992).

■ Plaintiff contends that the defendant could not reasonably have believed that the fisher cats had been illegally taken. In support of his contention, he submitted the Becker Affidavit and several excerpts from depositions. These proofs, particularly the Becker Affidavit, put into issue the reasonableness of the finding of probable cause for the seizure of plaintiff's pelts. The defendant argues that there were several signs that the fisher cats were not prime when they were taken: the condition of the pelts,

the condition of the tongues, and that of the eyes. However, the Becker Affidavit points out that the characteristics typically considered in determining the season of the furs, *i.e.*, the condition of the pelts, favored a finding that the fisher cats were taken in season. James Hughes stated that the characteristics of the pelts are the signs uniformly considered, *i.e.*, the color of the leather, guard hairs or the lack of guard hairs, and the sheen of the fur. (Paper 45, Exhibit U). The Becker Affidavit suggests that only the condition of the tongues and eyes would remain as a possible basis for a finding of probable cause. Whether these characteristics alone are a reasonable basis for finding probable cause, and whether, in fact, those were the sole basis for the finding are factual issues.

Viewed in the light most favorable to the plaintiff, the defendant overlooked significant and obvious characteristics of fisher cats taken in the open season. Such oversight could be deemed unreasonable in light of the level of the defendant's experience as a game warden. As a matter of law, then, it is not at all clear that the defendant's finding of probable cause was objectively reasonable. Accordingly, summary judgment on the issue of qualified immunity is inappropriate at this time.

## IV. MALICIOUS PROSECUTION

Defendant correctly states that state law governs a claim of malicious prosecution brought under 42 U.S.C. § 1983. *Janetka v. Dabe*, 892 F.2d 187, 189 (2nd Cir.1989). Under Vermont law, there are three elements of the claim. A plaintiff must demonstrate that the defendant initiated the prosecution (1) without probable cause (2) with a malicious intent, and (3) the proceeding terminated in plaintiff's favor. *Anello v. Vinci*, 142 Vt. 583, 586–87, 458 A.2d 1117 (1983). Defendant contends that he is entitled to summary judgment on the claim of malicious prosecution because the plaintiff cannot establish all of elements of this claim. In particular, the defendant states that the plaintiff cannot prove that defendant acted with malicious intent, nor that the proceedings terminated in the plaintiff's favor.

The defendant's argument is unavailing. Without doubt, issues involving a determination as to an individual's state of mind or credibility make poor subjects for summary judgment. *Anderson v. Liberty Lobby*, 477 U.S. at 255, 106 S.Ct. at 2513. More significantly, the questions of fact surrounding the circumstances of the finding of probable cause suggest the possibility that the defendant did not act in good faith. Under Vermont law, evidence of want of probable cause, or initiation of action in bad faith is sufficient to support a claim of malice. *Sparrow v. Vermont Savings Bank*, 95 Vt. 29, 33, 112 A. 205 (1921); *Brault v. Town of Milton*, 527 F.2d 730, 739 (2nd Cir.1975) (interpreting Vermont law). Moreover, malice can be inferred from proof of want of probable cause. *Condosta v. Grussing*, 144 Vt. 454, 458, 479 A.2d 149 (1984); *Ryan v. Orient Ins. Co.*, 96 Vt. 291, 296, 119 A. 423 (1923). For our purposes here, plaintiff has established that a factual issue exists on the issue of malice.

Finally, the State's illegal trapping charge against the plaintiff was dismissed. The dismissal followed the State's discovery that the carcasses of the fisher cats, evidence in the State's case, were missing. Plaintiff's interpretation that such a dismissal is favorable to him is a reasonable one and accordingly, summary judgment on this issue is inappropriate. *Schering Corp. v. Home Ins. Co.*, 712 F.2d 4, 10 (2nd Cir.1983) ("[W]here one party opposes summary judgment by propounding a reasonable interpretation of a disputed matter, it may be sufficient to defeat the motion.").

## CONCLUSION

For the foregoing reasons, and in accordance with the Magistrate Judge's Recommendation, defendant Donald Coffey's Motion for Summary Judgment (Paper # 23 in Court's docket) is hereby DENIED.